## 695. EMANUEL COUNTY v. THOMPSON.

1. One in possession of personal property may recover for a tort thereto although a third person holds the legal title as security for a debt; especially is this true where the debt is paid prior to the institution of the suit.

2. The other ground of error is controlled by *Samples* v. *Atlanta,* 95 *Ga.* 110 (22 S. E. 135).

Action for damages, from city court of Swainsboro——Judge Mitchell. July 15, 1907.

Argued November 26,—Decided December 9, 1907.

*Saffold & Larsen, Z. D. Harrison,* for plaintiff in error.

*Williams & Bradley,* contra.

POWELL, J. Mrs. Thompson recovered a verdict against Emanuel County on account of a fatal injury occasioned to one of her mules by a defect in a public bridge. The county, in this court, presents two reasons why the verdict should be set aside and a new trial granted: first, that under the evidence Mrs. Thompson did not have legal title to the mule; that, while she was in possession of it and had paid a part of the purchase-price before the injury and the remainder prior to bringing suit, the original vendors had taken a reservation of title as security for the unpaid purchase-money, and the legal right to sue was in them at the time of the injury; also, that the plaintiff's agent, by using the bridge with knowledge of defects in its condition, was guilty of such contributory negligence as to preclude a recovery.

1. In *Brown Store Co.* v. *Chattahoochee Lumber Co.,* 121 *Ga.* 809 (49 S. E. 839), the plaintiff was in possession of the property destroyed through defendant's negligence, but a third person held from the plaintiff a deed thereto, to secure a debt for unpaid pur-

chase-money.   The Supreme Court held that this would not defeat the plaintiff's right to recover.

2. The other point is controlled adversely to the plaintiff in error by the decision of the Supreme Court in *Samples* v. *Atlanta,* 95 *Ga.* 110 (22 S. E. 135).        *Judgment affirmed.*