JULIA V. DOWNEY *vs.* BAY STATE STREET RAILWAY.

Suffolk.    October 20, 1916. — November 29, 1916.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Motor Vehicle. Highway Commission. Words,* "Owner."

Under St. 1909, c. 534, § 2, as amended by St. 1912, c. 400, § 1, providing that "Application for the registration of motor vehicles may be made by the owner thereof," the word "owner" is not confined to persons in whom the legal title is vested and includes one in possession of a motor truck as its purchaser under an uncompleted contract of conditional sale by the terms of which the title is to remain in the seller until the purchase money is paid in full.

In the same case it was *said* that the word "owner," as used in St. 1909, c. 534, § 2, as amended by St. 1912, c. 400, § 1, "includes, not only persons in whom the legal title is vested, but bailees, mortgagees in possession and vendees under conditional contracts of sale who have acquired a special property which confers ownership as between them and the general public for the purposes of registration."

*Whether* under St. 1909, c. 534, § 2, as amended by St. 1912, c. 400, § 1, a vote of the highway commission, "That the Secretary be authorized to receive registration applications from persons who have leased motor vehicles, and to issue registration certificates to such lessees, provided that in each instance the applicant states that he is the lessee and also gives the name of the person or company actually owning the car," is valid, here was mentioned as a question which it was not necessary to determine in the present case.

TORT for damage done to a motor truck belonging to the plaintiff by its being run into on May 29, 1915, on Sea Street in Quincy by an electric street railway car of the defendant alleged

to have been operated negligently by the defendant's servants. Writ dated July 19, 1915.

In the Superior Court the case was tried before *Hall*, J. There was evidence for the jury of due care on the part of the driver of the truck and of negligence on the part of the defendant's motorman.

The only question of law raised at the trial was in regard to the registration of the motor truck. The facts as to registration were agreed by the parties, and were in substance as follows:

The plaintiff's father formerly owned a trucking business. Being involved in an accident for which he feared he would be sued, he transferred all his business to his daughter, the plaintiff, a girl twenty-one years of age. This transfer was made in January or February, 1915. The daughter at the time of the transfer gave to her father a power of attorney, and since that time the father has managed the business in the same manner as when it was his own.

The plaintiff's interest in the motor truck was derived from a contract of conditional sale dated April 29, 1915, under which the seller was William J. Kennard. The price was to be paid in ten equal payments, represented by notes, the first to be made on May 31, 1915, and the last on or before ten months from April 30, 1915. An indorsement on the contract showed that the first payment was made on April 29, 1915. The contract contained the following provision: "It is hereby expressly and mutually understood and agreed that the title to said automobile truck and equipment shall remain vested in the said Wm. J. Kennard unless and until the full amount of the purchase price of the said truck and equipment shall have been paid and this instrument shall have been cancelled and a bill of sale of said truck and equipment shall have been delivered as herein provided."

On May 25, 1915, the motor truck was registered by the highway commission in the plaintiff's name as owner and the certificate of registration which was issued to the plaintiff bore that date. From that day the motor truck was used regularly in the trucking business until the happening of the accident four days later.

On March 28, 1911, the Massachusetts highway commission passed the following vote, "Voted: That the Secretary be authorized to receive registration applications from persons who

have leased motor vehicles, and to issue registration certificates to such lessees, provided that in each instance the applicant states that he is the lessee and also gives the name of the person or company actually owning the car."

The defendant contended at the trial that the motor truck was not legally registered, that it was a trespasser upon the highway and was in the same position as an unregistered motor vehicle.

The jury returned a verdict for the plaintiff in the sum of $284.22, and the judge reported the case for determination by this court of the question whether the motor truck was registered legally, with a stipulation of the parties that, if the motor truck was not registered legally, judgment should be entered for the defendant.

St. 1909, c. 534, § 2, as amended by St. 1912, c. 400, § 1, begins as follows: "Application for the registration of motor vehicles may be made by the owner thereof, by mail or otherwise, to the Massachusetts highway commission or any agent thereof designated for that purpose, upon blanks prepared under its authority."

*H. F. Hurlburt, Jr.,* (*A. P. Mills* with him,) for the defendant.

*J. E. Crowley,* for the plaintiff.

BRALEY, J. It is settled that, even if the accident could be found to have been caused solely by the defendant's negligence, the plaintiff cannot recover unless her motor truck which came into collision with the defendant's car had been registered. St. 1909, c. 534, § 10. *Dudley* v. *Northampton Street Railway,* 202 Mass. 443. The St. of 1909, c. 534, § 2, as amended by St. 1912, c. 400, § 1, provides that application for the registration of motor vehicles may be made by "the owner thereof" in the manner there prescribed, and the report under which the case is before us states that a certificate of registration had been issued to the plaintiff "as owner." But, if the presumption of compliance with the statutory requirements was sufficient until rebutted, the defendant contends that the plaintiff's evidence of title is insufficient to bring her within the provisions of the statute. *Trombley* v. *Stevens-Duryea Co.* 206 Mass. 516, 518. The Sts. of 1903, c. 473, § 1, 1905, c. 311, § 2, 1906, c. 412, § 8, 1907, c. 580, § 1, and 1908, c. 648, § 3, having uniformly provided that registration should be effected by the owner or "person in control thereof," and the St. of 1909, c. 534, § 2, as amended by St. 1912, c. 400, § 1, having

omitted the words "person in control thereof," the defendant contends that the plaintiff is barred from recovery unless she held the absolute title. The plaintiff bought and operated the truck under a conditional contract of sale by the terms of which a bill of sale was to be given when the purchase price had been fully paid. *Smith* v. *Aldrich*, 180 Mass. 367. And, until default in payment of the promissory notes given as collateral security for the performance of the contract, she was given the unqualified right of possession, of use and of management, as if the truck were her own. If strangers, or even the vendor before condition broken, unlawfully interfered with her possession and use of the truck she could have maintained an appropriate action to redress the wrong. *Shaw* v. *Kaler*, 106 Mass. 448. *Brewster* v. *Warner*, 136 Mass. 57. *Field* v. *Early*, 167 Mass. 449. *Field* v. *Fletcher*, 191 Mass. 494, 496. *Gamson* v. *Pritchard*, 210 Mass. 296. Williston on Sales, § 330, and cases cited in notes. The words "person in control thereof" found in the earlier enactments obviously embrace a class of persons who may have no general or special property in the motor vehicle they are operating, while the word "owner" includes, not only persons in whom the legal title is vested, but bailees, mortgagees in possession and vendees under conditional contracts of sale who have acquired a special property which confers ownership as between them and the general public for the purposes of registration. *Commonwealth* v. *Sherman*, 191 Mass. 439, 440.

The Legislature moreover could not have intended that, where a purchaser buys a car the purchase price for which is payable by instalments, he cannot use it upon the public ways until payment of the last instalment, for until then the legal title remains in the vendor, as the owner, who, being under no obligation to do so, may refuse to permit registration in his name. But this result must follow if the construction contended for is correct.

The provisions of St. 1909, c. 534, § 4, providing for a distinguishing number or mark to be furnished to manufacturers and dealers, instead of registering each vehicle owned or controlled by them, refers to vehicles which remain in their possession and control as manufacturers or dealers, and not to vehicles which have been sold either conditionally or unconditionally, followed by delivery of possession and unrestricted powers of control.

The motor truck having been properly registered, the validity of the vote of the commission relating to the issuance of registration certificates to lessees where the name of the person or company actually owning the car is to be stated, need not be determined.

It follows that the entry should be, judgment for the plaintiff on the verdict.

*So ordered.*