FRED CARTER, Respondent, *v.* BLACK AND WHITE CAB COMPANY, INC., Appellant.

(Supreme Court, Appellate Term, First Department, March, 1918.)

Contracts — conditional sales — automobiles — damages — negligence.

> A vendee in possession of an automobile under a contract of conditional sale is entitled to maintain an action to recover damages thereto caused by the negligence of a third party.

APPEAL by the defendant from a judgment of the Municipal Court of the city of New York, borough of Manhattan, seventh district, in favor of the plaintiff, for the sum of $633.

John H. Scully, for appellant.

Edward M. Bernstein (Max Monfried, of counsel), for respondent.

WEEKS, J.   Plaintiff sues as owner of an automobile to recover damages for injury thereto caused by collision with an automobile belonging to defendant. The verdict of the jury is sustained by ample evidence and the only question is whether plaintiff, as a conditional vendee in possession, was entitled to maintain the action.

The plaintiff had possession under a conditional sale agreement providing that title was to remain in the vendor until full payment was made and although at the time of the collision plaintiff had paid the sum of $329.25 there remained due thereon the sum of $88, for which vendor held plaintiff's promissory notes, which were duly paid before the trial.

The appellant cites no authorities nor does the respondent call our attention to any cases directly in point, relying upon the cases supporting the right of a bailee to maintain an action in trover and the general principle that " the bailee has a right of action against a third party who by his negligence causes the loss of or any injury to the bailed article." 5 Cyc. 210.

In Massachusetts a conditional vendee is called a bailee for a specific purpose, and only a bailee (*Coggill* v. *Hartford & N. H. R. R. Co.*, 3 Gray, 547), and, even after the vendor's right of possession has attached because of a breach of the terms of the agreement, the

vendee has been allowed to recover the full value of the property in conversion on the ground that he stands in the position of a bailee responsible over to the owner.   *Harrington* v. *King*, 121 Mass. 269.

The identical question of the right of a conditional vendee in possession to maintain an action for negligence has been considered recently in *Stotts* v. *Puget Sound Traction, Light & Power Co.*, 94 Wash. 339, where the court says: " The right of the vendee as against third parties may well be likened to that of a bailee, and we see no reason why the same rule should not apply. * * * The theory of law being that the bailee being bound to restore the property or to answer for its value, the action is maintained for the benefit of the bailor, and bars a subsequent action by him. We think the analogy is complete.   While having no element of title, the conditional sales vendee is bound to keep the property secure and to pay its value to the vendor. The *quantum* of title is the same in the vendor as in the bailor, and the want of title is the same in the vendee as in the bailee.   The liability of the trespasser is the same, his only concern being that he shall not be put to the hazard of two recoveries.''

This right has also been sustained in *Smith* v. *Gufford*, 36 Fla. 481; *Caroline, C. & O. R. Co.* v. *Unaka Springs Lumber Co.*, 130 Tenn. 254; *Emanuel County* v. *Thompson*, 3 Ga. App. 225.

The judgment should therefore be affirmed, with twenty-five dollars costs.

GUY and MULLAN, JJ., concur.

Judgment affirmed, with costs.