CRAIG v. LEE.

[No. 11,772.   Filed January 31, 1924.   Rehearing denied April 3, 1924.]

1. SALES.—*Conditional.*—*Purchaser in Possession.*—*May Sue for Injury to Article Purchased.*—The purchaser of an article under a conditional sales contract, having paid part of the purchase price and being in possession, may sue for injury thereto.   p. 321.

2. AUTOMOBILES.—*Speed When Passing Other Vehicles.*—*Statute.*—Section 10476a Burns 1914, Acts 1913 p. 779, §14, requiring any person driving a motor vehicle who desires to pass "any person riding, leading or driving a horse or any other vehicle", when at a distance of a thousand feet, to slow down, and when passing said horse or vehicle to "maintain a speed not greater than fifteen miles an hour" applies only to the passing of vehicles other than motor vehicles, and not to the passing of one motor vehicle by another, as the law permits a speed of 25 miles an hour when operating such vehicles.   p. 322.

3. APPEAL.—*Review.*—*Instructions.*—*Harmless Error.*—A judgment will not be reversed for error in instructions when the verdict is right upon the evidence.   p. 323.

From Huntington Circuit Court; *Sumner Kenner,* Judge.

Action by Melvin Lee against Mack Craig. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Cline & O'Malley,* for appellant.

*Fred H. Bowers, Milo N. Feightner* and *Lee M. Bowers,* for appellee.

NICHOLS, J.—Action by appellee for damages to his automobile resulting from the alleged negligence of appellant.

The substance of the complaint, so far as here involved, is that on October 29, 1922, appellee was the owner of an automobile used by him in the taxi business in the city of Huntington, Indiana. Appellant herein was on the said day the owner of a Ford roadster. On said day, appellee was driving his said automobile along a public highway in said county, driving north about nine o'clock p.m. at a moderate rate of speed. Appellee approached the car driven by appellant and followed the same for approximately two miles. Appellee then signaled appellant that he desired to pass, and appellant turned slightly to the right in response to said signal, and turned his said automobile to the right side of the highway to allow appellee to pass, and as appellee's front wheels approached the rear of appellant's automobile, appellant carelessly and negligently turned his automobile sharply to the left and in front of appellee's automobile, without giving any warning or signal whatsoever, and without extending his hand and giving the signal required by law, and attempted to enter a lane at the left side of the highway without giving the proper signal for making such turn. Appellee, to avoid a collision, turned his automobile sharply to the left into a ditch, colliding with a post, a tree, and

a gateway at the left side of the said highway and thereby his automobile was greatly damaged. Appellee was on the left side of the highway and attempting to pass appellant's automobile, had his lights lighted, and was in a place where he had a right to be. He had given the proper signal, and the damage caused, as above set out, was caused solely by reason of the carelessness and negligence of appellant and appellee was guilty of no negligence contributing to the damages complained of.

There was an answer in general denial, and a trial by jury, which resulted in a verdict and judgment in favor of appellee for $300.

The error assigned in this court is the action of the court in overruling appellant's motion for a new trial.

It appears by the evidence that appellee had purchased the automobile involved under what is commonly known as a conditional sales contract, that he 1. had paid $300 of the purchase price, and yet owed $400. At the time of the accident, appellee had possession of the car and held the certificate of title thereto. The court, by instruction No. 10 on its own motion, instructed the jury that, under such facts, appellee might bring an action to recover damages for injury to the car stating that: "It is the law that in case of an injury to a motor vehicle sold under a conditional contract of sale, that the vendee having possession of said car, who would be the plaintiff herein, has the right to maintain an action against a third person for the injuries to the machine." Appellant complains of this instruction, and contends that no title had passed to appellee, that he had only a bare possession, and that he, therefore, could not maintain the action. We are not in harmony with this contention. We hold that the purchaser of an automobile under a conditional

sales contract having paid part of the sale price and being in possession of the property may sue for injury thereto. Huddy on Automobiles (5th ed.) §888, pp. 1087-8; *Carter* v. *Black, etc., Cab Co.* (1918), 102 Misc. Rep. 680, 169 N. Y. Supp. 441; *Stotts* v. *Puget Sound, etc., Co.* (1917), 94 Wash. 339, 162 Pac. 519, L. R. A. 1917D 214; *Brown* v. *New Haven, etc., Co.* (1917), 92 Conn. 252, 102 Atl. 573; *Downey* v. *Bay State, etc., Co.* (1916), 225 Mass. 281, 114 N. E. 207. There was no error in giving such instruction.

It appears by the evidence that appellee was driving at a speed of twenty-three to twenty-five miles per hour when he attempted to pass appellant at the time

2. of the accident. By instruction No. 11 given by the court on its own motion, the court told the jury that the fact that appellee was driving at a speed of more than fifteen miles per hour would not prevent his recovery unless such failure to maintain a speed of fifteen miles per hour contributed approximately to the injury. Appellant complains of this instruction, but as we view it, it was harmful to appellee rather than to appellant. Appellant has not cited the statute containing the fifteen mile provision, but appellee assumes, and this court with him, that it is §10476a Burns 1914, Acts 1913 p. 779. The last part of that section provides: "Every person, operating or driving a motor vehicle or motor bicycle desiring to pass any person riding, leading or driving a horse or horses or any other vehicle, shall when at a distance of one thousand (1000) feet slow down and when passing said objects shall maintain a speed not greater than fifteen miles per hour." This can have no application to the facts in this case. It can only apply where the driver of a motor vehicle desires "to pass * * * any other vehicle" than a motor vehicle. It can have no application to an automobile passing another motor vehicle.

The law permits a speed of twenty-five miles per hour, and to limit an automobile to fifteen miles per hour when attempting to pass another motor vehicle would be equivalent to saying that there shall be no passing of automobiles on the public highway.  The instruction was not harmful to appellant.

Complaint is made of other instructions given but while they may not be entirely free from criticism, after examining them and considering them as a whole, we conclude that the jury was fairly instructed as to the law governing the case.  It has been many times held that a judgment will not be reversed for error in instructions when the verdict is right upon the evidence.  In this case, we hold that the right result was reached.

Judgment affirmed.