LOUISVILLE & NASHVILLE RAILROAD COMPANY *v*. DICKSON.
RYALS *v*. SEABOARD AIR-LINE RAILWAY COMPANY.

PER CURIAM.  Under the provisions of the Civil Code (1910), § 5517, the vendor of an automobile, who has retained title therein, has a right as owner of the legal title, in the event of the injury or destruction of such automobile, to maintain an action for the tort, and is entitled to recover such damages as he may have sustained by reason of the injury or destruction of the personalty to which he has retained or holds title, provided the damages recovered do not exceed the purchase-price; and it is not necessary to join the purchaser in the suit.

*All the Justices concur.*

Nos. 3867, 3868. MAY 14, 1924.

Question certified by Court of Appeals (Cases Nos. 13870, 14020).

In each of the above cases the Court of Appeals requested instruction upon the following question: "Where a part of the purchase-price of an automobile is paid, and the vendor, to secure the payment of the balance of the purchase-price, takes notes from the purchaser, in which title to the automobile is reserved until payment of the balance of the purchase-price, and where the automobile, while still in the possession of the purchaser, is negligently struck and destroyed by a railway-train before payment of the

balance of the purchase-price, can the vendor, in his own name and without joining the purchaser in the suit, maintain an action against the railway company for damages for the amount of the unpaid balance of the purchase-price of the automobile?"

*Miles W. Lewis* and *R. L. & H. C. Cox,* for L. & N. R. Co.

*J. C. Knox,* for Dickson.

*Crum & Jones* and *Stephen Pace,* for Ryals.