18994. ELLIS MOTOR COMPANY *v.* HANCOCK.

DECIDED NOVEMBER 17, 1928.

*Arthur Lewis, W. O. Kinney, Jr.,* for plaintiff.
*Brock, Sparks & Russell,* for defendant.

BELL, J. Ellis Motor Company brought suit against E. J. Hancock in the municipal court of Macon. After judgment in favor of the defendant, the plaintiff carried the case by certiorari to the superior court. The exceptions in this court are to a judgment of the superior court overruling the certiorari.

The following were the facts: Ellis Motor Company sold an automobile to one Green and retained the title until payment of

the purchase-money. The conditional-sale contract was in writing and was duly recorded. While the automobile was in the possession and control of Green under the retention-of-title contract, it was damaged by the negligence of Hancock, the defendant. Hancock was protected by liability insurance, and his insurer entered into negotiations with Green for a settlement. The balance of the purchase-money remaining due by Green to Ellis Motor Company amounted approximately to $160, and, pending the negotiations just referred to, that company notified both Hancock and his insurer of its claim of title and of the balance due, and demanded that settlement be made with it and not with Green. Nevertheless, the settlement was consummated with Green, and there is nothing in the record to impeach its fairness either as to motive or amount. This settlement was pleaded by Hancock in bar of the suit against him by Ellis Motor Company to recover for the damage to the automobile in question. It seems that there was some issue in the evidence as to whether Ellis Motor Company repossessed the automobile, under the contract, after the collision, but for the purpose of this case it may be assumed that the automobile was so repossessed and was in the possession of that company at the time of the settlement.

While the vendor of personalty who has retained the title thereto to secure the payment of the purchase-money has a right, in the event of injury to the property, to maintain an action for the tort, provided the damages claimed do not exceed the balance of the purchase-price, the conditional vendee, where he is in legal possession of the property under the conditional-sale contract, may sue for the entire damage to the property, holding the recovery, if there be any, for the use and benefit of himself and of the holder of the legal title, according to their respective interests in the property. Since, under the facts as they appear in this case, Green, in the absence of a settlement, could have sued for the entire damage to the property, he necessarily had the power to make a fair settlement of the claim with the tort-feasor. It follows, that the settlement between him and the defendant Hancock was a good defense as against the suit of Ellis Motor Company, the conditional vendor. See, in this connection, *Louisville & Nashville R. Co.* v. *Dickson,* 158 *Ga.* 303 (123 S. E. 12) ; *Stalen* v. *General Exchange Ins. Corp.,* 38 *Ga. App.* 415 (144 S. E. 53) ; *Hinson*

790

v. *Seaboard Air-Line Ry. Co.*, 38 *Ga. App.* 516 (144 S. E. 384);
6 C. J. 1166.

There might arise some question of abatement if both the vendor and the vendee in a conditional sale should attempt to sue, but no such question is presented in the present case.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*