### 19731. COMER *v.* ROME CHEVROLET COMPANY.

BELL, J. 1. Where a petition alleges ownership of property in the plaintiff, a conversion by the defendant, and a measure of damages appropriate to a trover case, the suit will be construed as an action of trover. In such a case the plaintiff may elect in his complaint to take a money verdict in lieu of the property. *Milltown Lumber Co.* v. *Carter,* 5 *Ga. App.* 344 (2 *b*) (63 S. E. 270); *Alexander* v. *Dean,* 29 *Ga. App.* 722 (116 S. E. 643).

2. Where a son bought and obtained possession of an automobile under a contract of conditional sale, and, on finding himself unable to pay the balance of the purchase-money, delivered the automobile to his father, under an agreement that the father would pay to the vendor the balance due, and that upon his doing so the automobile would become the father's absolute property, subject only to the right of the son to repurchase the same should he become able to do so, the father had such title and right of possession to the property as would authorize him to maintain a suit in trover against a stranger who wrongfully converted the same. *Brown Store Co.* v. *Chattahoochee Lumber Co.,* 121 *Ga.* 809 (49 S. E. 839); *City of Atlanta* v. *Callaway,* 137 *Ga.* 495 (73 S. E. 736); *Louisville & Nashville R. Co.* v. *Dickson,* 158 *Ga.* 303 (123 S. E. 12); *Emanuel County* v. *Thompson,* 3 *Ga. App.* 225 (59 S. E. 603); *Mack* v. *Augusta &c. Ry. Co.,* 28 *Ga. App.* 816 (113 S. E. 66); *Fender* v. *Lee County,* 31 *Ga. App.* 604 (121 S. E. 843); *Allen* v. *Southern Ry. Co.,* 33 *Ga. App.* 209 (126 S. E. 722); *Brown* v. *West,* 35 *Ga. App.* 444 (2) (133 S. E. 304); *Globe &c. Ins. Co.* v. *Jewell-Loudermilk Co.,* 36 *Ga. App.* 538 (8) (137 S. E. 286); *Bugg* v. *Daley,* 37 *Ga. App.* 645 (141 S. E. 323); *Hinson* v. *Seaboard Air-Line Ry. Co.,* 38 *Ga. App.* 516 (144 S. E. 384); *Ellis Motor Co.* v. *Hancock,* 38 *Ga. App.* 788 (145 S. E. 518).

(*a*) The fact that the original vendor may have held the legal title to the property will not prevent a recovery by the plaintiff as the true owner, as against the person sued. *Candler* v. *Dodge County Lumber Co.,* 34 *Ga. App.* 289 (129 S. E. 289), and cit.

3. "Any distinct act of dominion wrongfully asserted over another's property in denial of his right, or inconsistent with it, is a conversion. It is unnecessary to show that the defendant applied it to his own use, if

he exercised dominion over it in defiance of the owner's right, or in a manner inconsistent with it. It is in law a conversion whether it be for his own or any other's use." *Merchants & Miners Transportation Co.* v. *Moore*, 124 *Ga.* 482 (52 S. E. 802).

4. Whoever takes and carries away the property of another without his consent is not absolved from liability as for a conversion by his own good faith in the transaction, and although he may take the property by the consent of one whom he mistakenly believes to be the owner, he still may be held as for a conversion, where he refuses on demand to surrender the property to the true owner. *Flannery* v. *Harley*, 117 *Ga.* 483 (2) (43 S. E. 765) ; *Ocean Steamship Co.* v. *Southern States Naval Stores Co.*, 145 *Ga.* 798 (3) (89 S. E. 838) ; *Haas* v. *Godby*, 33 *Ga. App.* 218 (125 S. E. 897), and cit.

5. While the petition in this is construed as an action of trover, the above principles would be equally applicable in an action for damages based upon the same wrong. Although an action of trover will lie in favor of the owner of personal property in every case where the property has been wrongfully converted, trover is not the owner's sole remedy. He may sue for damages for the injury to, or conversion of, the property, or there may be still other remedies which he can adopt. *Atlanta Finance Co.* v. *Lunsford*, 32 *Ga. App.* 787 (124 S. E. 813).

6. Upon application of the above rulings, the evidence in this case would have authorized a verdict in favor of the plaintiff under the petition as drawn, and it was therefore error to grant a nonsuit.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED JANUARY 27, 1930.

*Porter & Mebane,* for plaintiff.
*Maddox, Matthews & Owens,* for defendant.