### 23789. HARPER *v.* DONALSON.

STEPHENS, J. 1. As was held in *Hinson* v. *Seaboard Air-Line Railway Co.,* 38 *Ga. App.* 516 (144 S. E. 384), "Notwithstanding the holder of the legal title to personalty may maintain an action in tort for damage to the property (*L. & N. Railroad Co.* v. *Dickson,* 158 *Ga.* 303, 123 S. E. 12), one who is not the holder of the legal title, but who is in legal possession of the property, having a special interest therein and holding an equitable title thereto as purchaser with part of the purchase-money unpaid, may maintain an action in tort to recover for the entire damage to the property, the amount recovered, however, being subject to his own use and that of the holder of the legal title as their respective interests may appear." See citations and *Emanuel County* v. *Thompson,* 3 *Ga. App.* 225 (59 S. E. 603); *Comer* v. *Rome Chevrolet Co.,* 40 *Ga. App.* 820 (151 S. E. 678). In a suit to recover for damage alleged to have been sustained by the plaintiff's automobile as a result of a collision with the automobile of the defendant, it is no defense that the plaintiff, who at the time of the injury was in possession of the

property as purchaser with part of the purchase-money unpaid, was not the holder of the legal title. The case of *Delgado Mills* v. *Georgia Railroad & Banking Co.*, 144 *Ga.* 175 (86 S. E. 550), is clearly distinguishable. There it was held that the purchaser could not recover for damage to the property, the purchaser had paid nothing on the purchase-money and had no equitable interest in the property. In that case a distinction is made between the situation under which the purchaser has an equitable interest in the property and the situation under which he has not such interest.

2. Where the issues presented by the pleadings and the evidence were whether the defendant, whose automobile, it was alleged, collided with the plaintiff's automobile at night upon a public highway, was negligent in operating the automobile with only one light burning, in not keeping to the right side of the road, traveling at a high and reckless rate of speed under the circumstances, and in not stopping and giving his name and address after having collided with the plaintiff's automobile, an instruction to the jury that the law requires vehicles upon the highways to observe certain traffic rules, that slow-moving vehicles at all times must be operated as close to the right side of the highway as practicable, that motor-vehicles shall be provided with two lamps of approximately equal candle-power upon the right and left sides thereof throwing light a reasonable distance in the direction in which the vehicle is proceeding, even if it was not accurately adjusted to the issues made, was not prejudicial to the defendant, where the court elsewhere in the charge clearly instructed the jury as to the law applicable to the issues presented.

3. Upon the trial of an issue as to the amount of damage sustained by the plaintiff's automobile as a result of a collision with the automobile of the defendant, evidence as to the make of the automobile, the price at which it had been sold, its condition as a result of the collision, together with opinion evidence as to the amount of depreciation in the value of the automobile as a result of the collision, is sufficient to authorize the jury to estimate the amount of damage to the automobile resulting from the collision. Thus evidence that the plaintiff's automobile was a "Ford Cabriolet sport model," for which the plaintiff had paid $356, that it was worth $400 before it was damaged by a collision with the defendant's automobile, that its value afterwards was only $33, that one side of the automobile was "literally torn up," that the automobile "was almost torn all to pieces, the side was wrecked and ruined, the fenders were bent up and ruined, the windshield was broken all to pieces, and the other glass was broken, the doors could not be fastened at all, something [was] wrong with the axle and running gears, and also the spokes were all out of the wheels but three or four," was sufficient to authorize the jury to find that the damage sustained by the automobile was at least in the sum of $40.

4. The evidence authorized the jury to find that the plaintiff's automobile was, as a result of the alleged negligence of the defendant, damaged in the amount of $40 as found by the jury, and no error of law appears.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED SEPTEMBER 22, 1934.

*Willis Smith,* for plaintiff in error.
*S. H. Dyar, Smith & Millican,* contra.