25229. RENTZ *et al.* v. HUCKABEE AUTO COMPANY.

*Harris, Harris, Russell & Weaver,* for plaintiffs in error.

*Jones, Johnston, Russell & Sparks,* contra.

GUERRY, J. Huckabee Automobile Company, as conditional vendor of a Buick automobile in the possession of Thomas Gibson as conditional vendee, sued George I. Rentz and R. C. Franklin for damages to the car caused by their alleged negligence. The petition alleged the original contract price of the automobile to be $1745, and that on October 7, 1933, the date of the injury thereto by the defendants, there remained a balance due on said contract of approximately $480. The petition further alleged that as a result of the injury to the car it was necessary to expend $136.95 for repairs, and that in addition to this specific damage the automobile, before the alleged injury, was of the value of $950 and by reason of said injury it had depreciated in value, not in excess of $700. The petition set the total amount of damages at $386.95. The defendant filed a demurrer to the petition, on the grounds that it "sets forth no cause of action against these defendants," and that it "affirmatively shows that plaintiff herein has not been damaged by the alleged acts of negligence of the defendants." In the municipal court the demurrer was upheld. On certiorari to the superior court that judgment was held erroneous, and the case is here to test the correctness of that ruling.

The argument of the plaintiff in error may be stated thus: Where property is sold under a conditional-sale contract, and while in this status is injured by the negligent acts of a third party, the conditional vendor has no *right of action* therefor against such third party, if the value of the property after the injury exceeds the necessary expenditure made in repairing the property plus the balance due on the conditional-sale contract. Concretely applied, defendant says that when the amount of repairs, $136.95, is added to the $480 balance due the plaintiff on the contract, it is less than the alleged value of the car after the wreck, and that therefore his interest is amply protected by security and he has shown no injury to himself. Such an argument can not be upheld. In this State, either the conditional vendor or vendee of property may bring an action for the recovery of damages to such property, caused by the negligent acts of a third party. In the event of a

suit by the vendee, he may recover the entire damage to the property, holding the amount recovered for his own use and that of the vendor according to their respective interests. *Hinson* v. *Seaboard Air-Line Ry. Co.*, 38 *Ga. App.* 516 (144 S. E. 384); *Harper* v. *Donalson*, 49 *Ga. App.* 608 (176 S. E. 535); *Allen* v. *Southern Ry. Co.*, 33 *Ga. App.* 209 (126 S. E. 722). If suit be brought by the conditional vendor, he may recover the amount of the damage, not to exceed the balance due him on the contract, and in no event in excess of the value of the property. *Louisville & Nashville R. Co.* v. *Dickson*, 158 *Ga.* 303 (123 S. E. 12); *Ellis Motor Co.* v. *Hancock*, 38 *Ga. App.* 788 (145 S. E. 518). While it is true that the *extent of recovery* by a conditional vendor is determined by and limited to the amount due him on the purchase-price, yet the *right of action* accruing to him is based purely on the fact that he holds legal title to the property, and it is not dependent on the question whether or not the *extent of his recovery* is amply secured by the value of the property injured. As long as any amount remains unpaid on the contract, and legal title thus remains in him, his right of action is not conditional, but is absolute. Only his recovery is limited. The third party is not concerned with the question whether the vendor's interest in the property is amply secured; his only interest is that he be not subject to duplicate recoveries for the same wrong. On recovery of the entire damages alleged by the vendor to have been sustained by the property, which in this case is an amount less than the balance due on the purchase-price, no other recovery can be had against the defendant. The law thus protects him. If he admit the injury and his liability, let him pay to the vendor here suing, and be forever protected by the law against any other recovery for this same wrong.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*