JOHN HARNDEN *vs.* EVELYN A. SMITH.

Suffolk.    February 8, 1940. — March 26, 1940.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & COX, JJ.

*Motor Vehicle*, Registration.    *Evidence*, Of residence, Of ownership.
    *Practice, Civil*, Requests, rulings, and instructions.

Upon the evidence, it was a question for the jury whether the regis-
    trant of an automobile had abandoned her home with her husband
    in one municipality and taken up her separate residence at a beach
    cottage in another municipality so as to make proper a statement of
    the cottage as her address and place of residence in her application
    for registration.
On conflicting evidence, the question whether, at the time of registra-
    tion of an automobile, the registrant was the owner, was for the jury.
An automobile was improperly registered and was a trespasser upon the
    highway at the time of an accident if the registrant was not the owner
    at the time of registration although he had become the owner before
    the time of the accident.
No error was shown in a refusal to give in terms an instruction which might
    have confused the jury without an explanation of the materiality
    of the evidence on which it was based.

TORT.    Writ in the Municipal Court of the City of
Boston dated December 29, 1937.

On removal to the Superior Court, a verdict was returned
for the plaintiff before *Swift*, J., in the sum of $3,200.    The
defendant alleged exceptions.

*E. R. Langenbach*, for the defendant.

*E. B. Hanify*, (*C. J. McCarthy* with him,) for the plaintiff.

COX, J.    This is an action of tort to recover damages for
personal injuries resulting from the alleged illegal operation
of an automobile by the defendant.    The jury found for
the plaintiff, and the only exceptions argued are to the re-
fusal of the trial judge to give three rulings requested by
the defendant and to allow her motion for a directed ver-
dict.    It was agreed that at the time of the injury the auto-
mobile in question was registered in the name of "Evelyn
A. Smith [defendant], 261 Wessagusett Road, North Wey-

mouth"; that the registration was issued on September 8, 1931; and that the application for registration contained the name of the defendant, as owner, and her address as it appears in the registration.

1. There was no error in the refusal to give the first request that there "is no evidence to warrant a finding that the defendant's car was illegally registered by reason of any statement set out in her application for registration or her registration certificate as to her address or place of residence." It is not contended that the automobile in question was not improperly registered if the application for and certificate of registration did not contain the place of residence and address of the defendant. G. L. (Ter. Ed.) c. 90, § 2. See *Gray* v. *Hatch*, 299 Mass. 105, 106–107, and cases cited. Inasmuch as the injuries were sustained on November 4, 1931, the provisions of St. 1934, c. 361, amending § 9 of G. L. (Ter. Ed.) c. 90, have no application.

The defendant testified that she owned a house in Quincy from June, 1923, until about 1938, and that she lived there from 1922 to 1931; that in June or July of 1931 she hired a furnished cottage at Wessagusett Beach in North Weymouth at a weekly rental of $10; that she was there only one summer and that she did not know whether she was going to be there for the summer or longer, or how long she was going to stay, when she went; that when she went there to live she intended to make the cottage her residence, and that the reason for her going was to establish her own residence and to live apart from her husband, with whom she was having trouble. She also testified that she left the house in Quincy "to go down to a temporary place in Wessagusett . . . for the time being to see if she couldn't iron out her difficulties," intending to go back if she could. She took nothing with her except her personal belongings. Immediately after the accident, she went to the house in Quincy where she remained for about a week. She left the beach cottage late in November and returned to the Quincy home where she stayed until about nine months before the trial, which was in 1938. She further testified that, while she was at the beach, she went back

and forth to the Quincy house every day on account of her work; that at first her husband used to come for her in the morning and take her back at night; that after the accident she went to the Quincy house, where she had been working that day, for her license which was in her pocketbook; that she never voted in North Weymouth, but did in Quincy, and that her son, who was nine years old at the time of the accident, went to school in Quincy in September, October and November, 1931. She admitted that at a previous trial of the case in 1936 she had testified without qualifications that she had lived at the Quincy home nearly fourteen years, and also that after the accident "we just started home," meaning Quincy. There was other testimony from which the jury could have found that during the summer of 1931 the defendant was at the beach cottage. There was also evidence from a witness who lived next to the beach cottage that he never saw the defendant as an occupant there from July to November; that the house was not habitable for winter in 1931; and that he never knew the defendant to be an occupant of the cottage in that year. A police officer who was at the scene of the accident testified that the defendant gave the Quincy house as her address at that time.

It would seem that, when applying for registration, the defendant gave the house at the beach not only as her address but also as her place of residence, a statement as to both of which is required in the application. There is no contention that the defendant had two residences; the contention is that she had abandoned the one in Quincy for that at the beach. The determination of the place of residence is commonly a question of fact. It was for the jury to determine what facts were established upon the evidence, and whether the defendant's residence and address were correctly stated in the application. *Doyle* v. *Goldberg*, 294 Mass. 105. *Caverno* v. *Houghton*, 294 Mass. 110.

2. There was no error in the refusal of the second request, that there "is no evidence which would warrant a finding that the defendant did not have sufficient ownership in the Hupmobile Coupe involved in the accident so as to con-

stitute illegal registration." G. L. (Ter. Ed.) c. 90, § 2, provides, among other things, that the application for registration of motor vehicles may be made by the owner thereof. Whatever the word "owner," as used in this statute, comprehends (see, for example, *Downey* v. *Bay State Street Railway,* 225 Mass. 281, 284; *Harlow* v. *Sinman,* 241 Mass. 462; *Pierce* v. *Hutchinson,* 241 Mass. 557, 562; *Burns* v. *Winchell, ante,* 276, in the case at bar the only evidence as to ownership on the part of the defendant was that her husband had given the automobile to her. She testified that she did not know exactly when it was bought, but it might have been in June or July, 1931; that she or her husband registered it but that, in any event, the registration plates were brought to her in September. Upon this evidence it could have been found that the defendant was the owner. *Nash* v. *Lang,* 268 Mass. 407, 409. But the vendor testified that he purchased the automobile in question in August, 1931, and that it was not sold to the defendant's husband until November 2, 1931. It is not necessary for this court to attempt to reconcile this evidence. It is enough to say that the jury could have found that, at the time the automobile was registered, neither the defendant nor her husband was the owner, and that the registration was illegal. *Caccavo* v. *Kearney,* 286 Mass. 480, 484, 485. In the circumstances, the agreement at the trial that the application for registration contained the defendant's name "as the owner" does not amount to an admission by the plaintiff that the defendant was the owner when she registered the automobile. See *Downey* v. *Bay State Street Railway,* 225 Mass. 281, 283. We cannot adopt the contention of the defendant that, even if the sale were made on November 2, the legality of the registration on the day of the injury, November 4, could not be questioned. In the circumstances, unless the defendant was the owner of the automobile when it was registered, the registration was illegal within the meaning of said § 2. *Balian* v. *Ogassin,* 277 Mass. 525, 533.

3. There was no error in the refusal of the fourth request, that there "is no evidence in the case as to the mode of sale of the defendant's automobile to her husband which would

preclude him from giving his wife clear right to the automobile." The only evidence as to the "mode of sale" came from the vendor, who testified, in substance, that the defendant's husband purchased the automobile in November, 1931; that about twenty-eight days later in that month, the transaction was refinanced by the husband giving him a series of notes, and that his police record book contained an entry showing the sale of the automobile in question on November 2, 1931. This evidence, if believed, could have no relation to the important question as to the ownership of the automobile on September 8, when it was registered, other than to demonstrate that a gift of it could not have been consummated at that time. It might well have been confusing to the jury to have given the request in terms without this explanation. The trial judge was not required to do this. *Cronan* v. *Armitage*, 285 Mass. 520, 527. *Partridge* v. *United Elastic Corp.* 288 Mass. 138, 144.

4. What has been said disposes of the defendant's exception to the denial of her motion for a directed verdict. It could not have been ruled as matter of law that, as the defendant contends, there was no evidence of illegal registration; and, upon this record, if the registration was found to be illegal, a verdict for the plaintiff was warranted. G. L. (Ter. Ed.) c. 90, § 9. *Balian* v. *Ogassin*, 277 Mass. 525, 530. *Caccavo* v. *Kearney*, 286 Mass. 480, 484–485.

*Exceptions overruled.*