UNIVERSAL CREDIT COMPANY, INCORPORATED
*v*. COLLIER ET AL.

[No. 16,438.   Filed February 14, 1941.]

686

*Davis Harrison* and *Ralph Hamill,* both of Indianapolis, for appellant.

*Emmett S. Huggins* and *Bingham, Cook & Bingham,* all of Indianapolis, for appellees.

STEVENSON, P. J.—This is a second appeal in this cause. The facts as disclosed by this record are sufficiently set forth and recited in the opinion rendered by this court on the former appeal of this cause and may be found in the case of *Universal Credit Co., Inc.* v. *Collier* (1938), 105 Ind. App. 483, 15 N. E. (2d) 752.

It will be noted from a reading of our former opinion in this case that the question which the appellant there sought to present was the alleged error in striking out the third amended cross-complaint of the appellant, Universal Credit Company, Inc. This third amended cross-complaint was filed by the appellant in an action originally commenced by the appellee, Arthur Maxam, against the appellees, Charles Collier and Alva Holstein, wherein the said Maxam sought to recover damages occasioned to an automobile truck by the negligence of the said Collier and Holstein. This truck had been purchased by the said Maxam under a conditional sales

contract in which contract the appellant was asserting the rights of a conditional vendor. Petition to intervene in this action was granted by the trial court to the appellant and the appellant then filed its various pleadings which culminated in the filing of a third amended cross-complaint. This third amended cross-complaint was stricken out on motion and the correctness of this ruling the appellant challenged in the first appeal of this case. This court dismissed the first appeal for the reason that the record as presented failed to show a final judgment against the appellant in such proceeding. *Universal Credit Co., Inc.* v. *Collier, supra.*

Following the dismissal of this appeal the appellant returned to the Daviess Circuit Court and filed its motion to set aside the order of the court under which the appellee Maxam was permitted to dismiss his cause of action. The court overruled this motion, to which ruling the appellant excepted.

The appellant then filed its motion to re-docket the original cause of action. This motion was sustained and the cause was re-docketed by the trial court. The appellant then elected to abide the ruling of the court in sustaining the motion of the appellee Maxam to strike out its third amended cross-complaint. The court then made the following order: "It is now therefore ordered, adjudged, and decreed by the court that the third amended cross-complaint of the Universal Credit Company, Incorporated, be and the same is stricken out. It is further ordered, adjudged, and decreed that the cross-defendants Charles Collier and Alva Holstein recover of and from the cross-complainant, Universal Credit Company, Incorporated, their cost for re-docketing this cause and the rendition of judgment herein, which are now taxed in the sum of ——— dollars."

It is from this judgment that this appeal has been perfected and the principal errors relied upon for reversal are, first, that the court erred in striking out the third amended cross-complaint of the appellant, and second, that the court erred in sustaining the motion to dismiss the original action.

The motion addressed to this third amended cross-complaint set forth five reasons in support thereof. The first reason alleged that the appellant's amended cross-complaint stated no cause of action; second, that the appellant's cause of action, if any, against the appellee Maxam was by virtue of a contract only; third, that the amended cross-complaint showed no interest of the appellant in the truck in question; fourth, that there is no foundation in statute for a pleading termed an "amended cross-complaint"; and fifth, that the appellant should not be permitted to litigate its cause of action, if any, against the said Collier and Holstein, except by separate suit.

It will be noted from the causes assigned in support of this motion that said motion by its first three items is seeking to challenge the sufficiency of the facts alleged in the third amended cross-complaint to state a cause of action. The sufficiency of these facts cannot be challenged by a motion to strike out. "Even though the cross-complaint stated no cause of action . . . that circumstance furnished no ground for striking it out. It is well established in this state that it is error to strike out a complaint on the ground that it does not state facts sufficient to state a cause of action." *McCoy* v. *Stockman* (1897), 146 Ind. 668, 670, 46 N. E. 21. The sufficiency of a pleading in matters of substance must be tried on demurrer and not on a motion to strike out. *Ellison* v. *Branstrator* (1910),

45 Ind. App. 307, 88 N. E. 963; *Chicago, etc., R. Co.* v. *Dunnahoo* (1916), 63 Ind. App. 237, 112 N. E. 552.

If the trial court was correct in its ruling in striking out the third amended cross-complaint of the appellant, it must be because of the fourth or fifth reasons assigned in said motion. While it is true that our statute does not recognize a cross-complaint except in divorce actions, it does not follow that a pleading in the nature of a cross-complaint is wholly unauthorized. "The name given to a pleading . . . does not always truly characterize it. It is the material facts incorporated therein that determine its force and effect." *New York Life Insurance Co.* v. *Adams* (1931), 202 Ind. 493, 496, 176 N. E. 146.

The question therefore presented in its last analysis is whether or not the appellant had any right as conditional vendor to recover the damages which it sustained as such by the wrongful destruction of the subject-matter of the sale by the appellees Collier and Holstein, which it can assert by means of its "cross-complaint."

The appellee contends that the appellant as a conditional vendor has no cause of action against the appellees as original tort-feasors and that the conditional vendee, the plaintiff in the original cause of action against the appellees, is the only person who can assert a cause of action for the negligent destruction of the subject-matter of the sale. In support of this contention the appellee relies upon the case of *Gas City etc. Co.* v. *Miller* (1939), 107 Ind. App. 210, 21 N. E. (2d) 428.

In accordance with that opinion, we reiterate that a conditional vendor has no cause of action against the tort-feasor for the wrongful destruction of the subject-matter of the sale in the absence of a showing that the conditional vendee was in de-

fault in the performance of his conditional sales contract. This must be true for the reason that until there is a default on the part of the conditional vendee, the conditional vendor has suffered no damage. It is true that by the wrongful act of the tort-feasor which results in the destruction of the subject-matter of the sale, the conditional vendor has been deprived of his security. But even this fact does not give rise to a cause of action in negligence which the conditional vendor can assert against the wrongdoer until he can allege and prove that by such destruction he has been damaged. "It would seem that it is the injury and not alone the negligent act which gives rise to the right of action: for a negligent act is not in itself actionable, and only becomes the basis when it results in injury to another. In order to support an action there must be not only the negligent act, but a consequential injury which is the gravamen of the charge." 20 R. C. L., page 9. Upon the wrongful destruction of the subject-matter of the sale, the conditional vendee has a cause of action and he is entitled to recover the full amount of damage which was occasioned to the property by the wrongful act. As long as he continues to perform every condition of his contract with the vendor, the conditional vendor has no cause of action against the wrongdoer for the obvious reason that he has sustained no damage. But upon default in the terms of the contract, additional rights are conferred upon the conditional vendor.

Both the conditional vendee and the conditional vendor may then maintain an action against the wrongdoer for the wrongful destruction of the subject-matter of the sale. 38 A. L. R. 1337. The amount of recovery in an action by the conditional vendor, however, is limited to the unpaid balance.

*Rentz* v. *Huckabee Auto Co.* (1936), 53 Ga. App. 329, 185 S. E. 575. Since the conditional vendee, however, may in his action recover the entire amount of damage occasioned to the property (*First National Bank* v. *Union Ry.* (1926), 153 Tenn. 386, 284 S. W. 363; *Lacey* v. *Great Northern Ry.* (1924), 70 Mont. 346, 225 P. 808; *Helf* v. *Harsen & Keller Truck Co.* (1932), 167 Wash. 206, 6 P. (2d) 110; *Craig* v. *Lee* (1924), 81 Ind. App. 319, 142 N. E. 399), and since such a recovery in the absence of fraud or collusion will bar the conditional vendor from recovering against a wrongdoer (*Carolina, Clinchfield & Ohio R. R.* v. *Unaka Springs Lumber Co.* (1914), 130 Tenn. 354, 170 S. W. 591; *Harris* v. *Seaboard Air Line R. R.* (1925), 190 N. C. 480, 130 S. E. 319), it would seem that where both the conditional vendor and the conditional vendee seek to recover their respective damages from the tort-feasor that the same should be permitted, if some orderly procedure can be found by which such result can be accomplished.

In the case at bar, the conditional vendee, Arthur Maxam, filed his complaint against the appellees, Collier and Holstein, for damages occasioned to the automobile truck by reason of the negligence of said Collier and Holstein. In his second paragraph of complaint he sought to recover the full damages occasioned to the truck, including damages to the cargo. In his third paragraph of complaint the appellee Maxam alleges that he had possession of said automobile truck under a certain conditional sales contract and that under the terms of said contract he had made a down-payment of $350.00 and had paid the sum of $92.00 in monthly payments thereon and that by reason of the acts of negligence of said Collier and Holstein, the plaintiff

was deprived of and lost the sum of $442.00, which was the amount of equity he had in said truck.

Subsequent to the filing of this third paragraph of complaint, the appellant filed its third amended cross-complaint. This third amended cross-complaint charged the appellees Collier and Holstein with the negligent acts which resulted in the damage to the motor truck. It also charged that it was the owner and holder of the conditional sales contract on the damaged truck and that under the terms of said contract, there was a balance due on the purchase price in the sum of $460.00, and that at the time of the said accident said contract was in default in payment. The cross-complaint further alleged that following said accident the appellant had repossessed said truck, sold the same pursuant to the terms and conditions thereof, and after the payment of such expenses as were incident to repossession and sale of said truck, there was still a balance due under the conditional sales contract of $420.90, for which the appellant asked judgment.

It is apparent from a reading of this complaint and the third amended cross-complaint that both pleadings allege matters connected with the subject of the original action. The conditional vendor and the conditional vendee are each seeking to recover from the tort-feasors the amount of their respective damages occasioned by their wrongful act. Such a procedure, if permitted, places no additional burden upon the original tort-feasors, and yet the rights of all the parties in such transaction will be fully and finally determined in a single proceeding. Our statute expressly confers power upon courts to determine the rights of the parties on each side of the case as between themselves when the justice of the case requires it.

"The mode of procedure, however, is not pointed out by the statute, and as the authority given is one previously possessed only by courts of chancery, we suppose the rules of pleading and practice of those courts, modified by the spirit of the code, must be resorted to. In those courts, when a defendant sought relief against a co-defendant, as to matters not apparent upon the face of the original bill, he must file his cross-bill, alleging therein the matters upon which he relied for relief, making defendants thereto such co-defendants and others as was proper, and process was necessary to bring them in. The filing of the cross-bill was regarded in some sense as the commencement of a new suit. . . . It must be quite obvious that the application of the rule of chancery practice to a case like the one under consideration is well adapted to prevent abuses, and is indeed absolutely necessary to the purposes of justice." *Fletcher* v. *Holmes* (1865), 25 Ind. 458, 465.

As was said by our Supreme Court in the case of *Rooker* v. *Fidelity Trust Co.* (1921), 191 Ind. 141, 160, 131 N. E. 769: "The purpose of a cross-bill is to obtain full relief for all parties and a complete determination of all controversies which arise out of the matters charged in the original bill." So in the case at bar both the appellee Maxam and the appellant were interested in the subject-matter involved in this litigation. Both the conditional vendor and the conditional vendee had certain rights which were affected by the original tort. These rights having been called to the attention of the trial court, it was the duty of the court, if necessary, to require a cross-bill to be filed which would enable it to completely settle the controversy. The court was accordingly in error in sustaining the motion to strike out the appellant's third amended cross-complaint.

The appellant further complains of the action of the court in permitting the appellee Maxam to dismiss his

cause of action pending this appeal. As was said by this court in the former appeal of this case:

"The dismissal by Maxam of his cause of action would not prejudice any rights the appellant had in the cause as cross-complainant." *Universal Credit Co., Inc.* v. *Collier et al., supra.* This holding of this court on the former appeal of this case is now the law of this case.

Because of the error committed by the trial court in sustaining the motion to strike and in striking out the appellant's third amended cross-complaint, the judgment of the trial court is reversed and the trial court is instructed to overrule the motion to strike out the appellant's third amended cross-complaint and for further proceedings consistent with this opinion.

Judgment reversed.

NOTE.—Reported in 31 N. E. (2d) 646.