MOTOR FINANCE CO. *vs.* WARREN F. NOYES.

Kennebec.     Opinion, August 29, 1942.

*Robinson & Richardson,*

*John D. Leddy,* for the plaintiff.

*William B. Mahoney,*

*James R. Desmond,* for the defendant.

SITTING: STURGIS, C. J., THAXTER, MANSER, MURCHIE, JJ.

MANSER, J.    This case was heard by a Referee with right of exceptions reserved. To his report, filed in Superior Court, in favor of the plaintiff, objection was made by defendant that the correct legal principles governing the factual situation were not applied. The presiding Justice upheld the objection, and the report was not accepted. The case then came forward upon exceptions by the plaintiff to the ruling of the presiding Justice. Neither side disagrees with the Referee's findings as to facts.

The case arose out of an automobile accident involving a truck operated by the defendant, Noyes, and an automobile operated by one Lloyd Hersom. Noyes was insured against liability of this character. His insurance carrier made an investigation, negotiated with Hersom, and arrived at a settlement by payment of $650. In the instant case the Referee found, and it is conceded that the defendant was legally responsible for the damages arising from the accident, and was accordingly in the position of a tort feasor. Hersom executed a general release

from all causes of action and especially as to the particular automobile accident. The settlement was completed November 8, 1937. Almost a month later, on December 3, 1937, the present plaintiff telegraphed the insurance carrier that it held a conditional bill of sale on the Hersom car and desired to be recognized in any settlement. Upon the evidence, the Referee found that neither the defendant nor his insurance carrier had any actual knowledge of the conditional sales contract at the time of the settlement.

It appears that Hersom purchased a new Ford car in the spring of 1937, receiving credit of $250 for a used car taken in exchange. A conditional sales agreement was entered into, requiring payment by Hersom of $491 in monthly installments of $25 each. These payments were regularly made for the four months intervening up to the time of the accident. The Referee found that Hersom, the conditional sales vendee, was then lawfully in possession of the automobile, but ruled that the release executed by Hersom, although intended to cover all damages to the automobile, did not constitute a defense in this action brought by the assignee of the conditional sales contract. There is no claim of fraud, collusion or bad faith in the transaction.

The issue, therefore, is whether, in the absence of fraud, a settlement with and release by a conditional vendee in lawful possession of an automobile, which settlement and release cover all damages occasioned to such automobile by a tort feasor, operates as a full discharge of the liability of the latter and bars a subsequent recovery by the conditional vendor.

The Referee ruled that the conditional vendor, not being a party to the release, was not bound thereby; that while the tort feasor had no actual knowledge of the conditional sale, he was charged with constructive notice thereof because the sales agreement had been properly recorded; that the conditional vendor, under the rule in Maine, held title to the automobile and occupied, in legal effect, the relationship of mortgagee so far as the rights of the third parties were concerned; that a

mortgagee, although not in possession, is entitled to recover to the extent of his interest in the chattel, and such right is superior to that of the conditional vendee and is not affected by his settlement with the tort feasor.

Starting with Chancellor Kent, the general rule is stated thus:

> "As every bailee is in the lawful possession of the subject of the bailment, and may justly be considered, notwithstanding all the nice criticisms to the contrary, as having a special or qualified property in it for the protection of that possession; and as he is responsible to the bailor in a greater or less degree for the custody of it, he, as well as the bailor, may have an action against a third person for an injury to the thing; and he that begins the action has the preference; and a judgment obtained by one of them is a good bar to the action of the other." 2 Kent Comm., 585.

This is practically the universal doctrine and has been uniformly followed by our Court. In *Little* v. *Fossett*, 34 Me., 545, 56 Am. Dec., 671, it was held that a bailee is entitled to damages commensurate with the injuries sustained to the subject of the bailment, and holds the balance beyond his own interest in trust for the general owner. *Vining* v. *Baker*, 53 Me., 544; *Kerr* v. *Tea Co.*, 129 Me., 48, 149 A., 618; *Harrington* v. *King*, 121 Mass., 269; *Thayer* v. *Hutchinson*, 13 Vt., 504, 37 Am. Dec., 607; 6 Am. Jur., Bailments, §§302-304.

The Referee recognized the rule as thus adjudicated, but appears to have been of opinion that it was without application to the status of a conditional vendee. This presents the question: Is a bailee without a shadow of title in a better position than a conditional sales vendee, who has a special property interest in the chattel which entitles him to full and complete title by the payment of the balance of the sale price?

Our Court held in *B. & M. R. R. Co.* v. *Warrior Co.*, 76 Me., 251 at 259:

"It is true that an action cannot be maintained unless the plaintiff has an interest in the subject matter of the suit, but he may do so when he is not interested to the full extent of the damages to be recovered. Such are the familiar cases of injury to property in which there is a general and special owner, as bailor and bailee, consignor and consignee, principal and factor. In such cases the action may not be brought in the names of the two jointly, but may in the name of either." . . .

"as the injury was the result of a single wrongful act to the whole property the damage could not be apportioned but must all be recovered in that one action, the judgment in which would be conclusive against any suit by the general owner."

In *Stotts* v. *Puget Sound Co.*, 94 Wash., 339, 162 P. 519, L. R. A., 1917 D, 214, the reason that the rules governing conditional vendees and bailees are the same in this connection is well stated as follows:

"While having no element of title, the conditional sales vendee is bound to keep the property secure, and to pay its value to the vendor. The *quantum* of the title is the same in the vendor as in the bailor, and the want of title is the same in the vendee as in the bailee. The liability of the trespasser is the same, his only concern being that he shall not be put to the hazard of two recoveries."

The general rule established by the great weight of judicial authority is that either the conditional vendor or vendee can prosecute an action for injury to the property by a third party and a judgment secured by either is a bar to an action by the other. In case of damage to a motor vehicle sold under a conditional contract of sale, the vendee has the right to maintain an action against a third person for injuries to the machine. The position of the vendee is certainly no less than that of a bailee who, having possession of a motor vehicle, though with-

out title thereto, may maintain such an action, as a presumption of ownership attends the possession, and a tort feasor cannot dispute the ownership so presumed. The right of the conditional vendee to sue authorizes him to make a compromise settlement, in good faith, so as to preclude a recovery by the conditional vendor. The vendee is answerable over to the vendor to the extent of the interest of the latter in the vehicle, but does not occupy such a trust relationship as to prevent him from settlement by compromise without the sanction of the vendor. It is only when he obtains a recovery, by suit or compromise, that he becomes trustee for the vendor to the extent of the latter's interest. Huddy, Automobile Law, Vol. 11-12, §§ 136, 137; *Downey* v. *Bay State Ry.*, 225 Mass., 281, 114 N. E., 207; 14 C. J. S., Chattel Mortgages, § 227; *First National Bank* v. *Union Ry.*, 153 Tenn., 386, 284 S. W., 363; *Ryals* v. *Seaboard Air-Line*, 158 Ga., 303, 123 S. E., 12; *Harris* v. *Seaboard Air Line*, 190 N. C., 480, 130 S. E., 319; *Barnes* v. *United Rys. & Electric Co.*, 140 Md., 14, 116 A., 855; *Craig* v. *Lee*, 81 Ind. App., 319, 142 N. E., 399; W. C. Block case, 71 F. (2d), 682.

While the Referee further recognized that this is the weight of authority, he construed the case of *Donnell* v. *Deering Co.*, 115 Me., 32, 97 A., 130, 132, as contra and therefore as controlling decision in this jurisdiction, unless overruled. But that case is not in conflict with the foregoing statment of principles. There the mortgagee of a vessel made settlement with a tort feasor for damages thereto. After the mortgage had been foreclosed, the mortgagor, Donnell, brought suit against the Deering Co., mortgagee, to recover the amount collected as damages upon the ground at the time of the injury the mortgagor was in possession of the vessel. The opinion recognizes that the mortgagor and mortgagee each might have a right of recovery from a tort feasor, stating that the mortgagor,

"may maintain trespass for an injury to his right of possession, and in such action he may be permitted to recover, by way of aggravation, damages for injuries to the property itself by defendant's acts, yet the right to recover such damages to the property itself in such an action by the mortgagor is only incidental to his right of action for the injury to his possession."

The cited case was not a suit against a tort feasor or an undertaking to make him pay a second time, but was an action by the mortgagor to recover for money had and received by the mortgagee upon the contention that part or all of the proceeds should be turned over to him. Under the particular circumstances of that case as they existed at the time of the suit, it was held that the mortgagee was not liable to account to the mortgagor. The case does not hold that the mortgagee had exclusive right to maintain an action against a tort feasor.

In *Grand Rapids & I. R. Co.* v. *Resur*, 186 Ind., 563, 117 N. E., 259, in upholding the right of the owner to bring an action, the Court declares that the rule that a bailee was entitled to sue would not preclude the owner from bringing action in his own name, but ends with the apt statement "either might recover but not both."

· Neither does the case of *Belli* v. *Forsyth*, 301 Mass., 203, 16 N. E. (2d), 656, relied upon by the plaintiff, actually support his position. There an automobile had been loaned and was being operated by a bailee. The bailee had sued the defendant for personal injuries, but made no claim for damages to the automobile. Under such circumstances, the Court held that a general release to which the bailor was not a party was not a bar. The Court, however, says:

"At least therefore it would seem that the defendant must show that the settlement money was in truth paid and received in full satisfaction for all the damage done to the automobile and not merely in satisfaction for the personal injury and property claims of the bailees."

In the present case the defendant did show that he had made full settlement, both for personal injuries and for damage to the automobile.

The fact that the conditional sales contract was duly recorded is without legal effect upon the right of the tort feasor to make settlement with the conditional vendee. Such tort feasor is liable to any person lawfully in possession of the chattel. He is not put upon inquiry as to the actual title thereto.

Our recording statute as to conditional sales (R. S., c. 123, § 8) provides that no conditional sale shall be valid except as to the original parties thereto unless properly recorded. The record is necessary to establish its validity. The statute is for the benefit and protection of all persons who have any interest in examining the record title to property of which they may thereafter become owner, either in whole or in part, absolutely or otherwise. *Banton* v. *Shorey,* 77 Me., 48; *Jordan* v. *Keen,* 54 Me., 417; *Trust Co.* v. *Buck,* 137 Me., 172, 16 A. (2d), 258. See also annotation in 92 A. L. R., 205.

As said in *Harris* v. *Seaboard Air Line R. Co.,* 190 N. C., 480, 130 S. E., 319, 49 A. L. R., 1452:

"Registration affects the rights only of purchasers for value from or creditors of the mortgagor. . . . A tort feasor is neither a purchaser for value nor a creditor."

The case of *Motor Mart* v. *Miller,* 122 Me., 29, 118 A., 715, cited by the Referee in this connection does not reach the question regarding registration as here involved. That was a determination as to the priority of liens upon the same chattel and the respective rights of the holder of a Holmes note which had been recorded and of the Company which furnished repairs upon an automobile after the note had been recorded. Both of these parties were creditors of the conditional vendee and the sole question was as to which of the two had the superior lien upon the chattel. The conditional vendee was not asserting a claim against anyone. He was debtor to both, and because of

his failure to pay, the question of priorities between the two creditors arose.

It is, therefore, our conclusion that the plaintiff has no cause of action against this defendant, who has made full and complete settlement of all damages to the automobile in question with the conditional vendee, as he had a right to do. If the plaintiff has not received what he is entitled to from the conditional vendee, its remedy is against him.

*Exception overruled.*

HUDSON, J., did not participate.

WORSTER, J., having retired, did not join in this opinion.