83 So.2d 877 (1955)
LAKE CITY AUTO FINANCE CO., a corporation, Appellant,
v.
L.J. WALDRON, Appellee.
Supreme Court of Florida. En Banc.
December 2, 1955.
Rehearing Denied January 6, 1956.
*878 Brannon & Brown, Lake City, for appellant.
McNatt & Mathews and Marion R. Shepard, Jacksonville, for appellee.
THORNAL, Justice.
Appellant, plaintiff below, appeals from a summary judgment entered for appellee, defendant below, in a negligence case involving damage to an automobile.
Lake City Auto Finance Company, hereafter called "the finance company," held a retain title note against an automobile sold to one Fred Clark. The lien of the note was registered with the State Motor Vehicle Commissioner on December 23, 1952. On March 9, 1953, while being driven by Clark, the automobile was damaged in a collision with the truck of the appellee Waldron.
On May 19, 1953, appellant notified Waldron and notified the local agent of Waldron's public liability insurance carrier that the finance company held a lien against the damaged automobile in the amount of $310. Sometime prior to June 29, 1953, the finance company notified the insurance adjusters who were handling the settlement of the claim against Waldron that they held the retain title claim. The insurance adjuster thereupon advised the finance company that he would place the name of the finance company upon the check which he was going to issue to Clark in settlement of the claim "provided the placing of the finance company's name on the check would not jeopardize the settlement that he was about to make with Clark".
On July 2, 1953, the insurance company settled with Clark only and took a complete release from him, subsequently advising the finance company that they did this because Clark demanded $475 in settlement and they couldn't have settled for this figure if they had included the finance company in the settlement with him. Thereupon, the finance company filed this suit against Waldron who defended on the ground that a complete settlement had been made with Clark and that the plaintiff, therefore, had no further right of action against him. Both parties filed motions for summary judgment. The appellant supported its motion by an affidavit of one of its officers setting out in substance the foregoing facts and on the basis of these facts, the trial judge entered a summary judgment in favor of the appellee Waldron. This appeal ensued.
Both parties recognize the rule that either a mortgagor or a mortgagee of a motor vehicle may maintain an action to recover damages against a third party for injury to the vehicle. This rule is stated in 42 C.J., Motor Vehicles, Sec. 269, p. 762, as follows:
"Either a mortgagor or mortgagee, or bailor or bailee, of a motor vehicle may maintain an action against a third person to recover damages for its injury or destruction, and a settlement by the wrongdoer with either is, in the absence of fraud or collusion, a bar to an action by the other, the amount paid or recovered being held in trust to be applied according to the respective rights of the parties." See also 14 C.J.S., Chattel Mortgages, §§ 227, 229 and 8 C.J.S., Bailments, §§ 39, 56.
To support the summary judgment entered in his favor, the appellee relies upon the case of Smith v. Gufford, 36 Fla. 481, 18 So. 717, and the Georgia case of Ellis Motor Co. v. Hancock, 38 Ga. App. 788, 145 S.E. 518. These cases do support the general rule above stated.
On the other hand, appellant contends that this general rule should not apply in cases where it is shown that the wrongdoer and his insurance carrier are given actual notice of the claim of the lien holder prior to the settlement. To support its position, appellant refers us to the Louisiana case of Miller v. Hortman-Salmen Co., Inc., La. App., 145 So. 786. This case *879 does announce the rule advocated by appellant and in our view has considerable merit. But for one factual aspect of the case at bar, we would be inclined to recognize the exception contended for by appellant. The one fact in this case, however, which prevents the appellant from receiving the benefit of the exception grounded upon actual notice of its lien prior to settlement is that when the finance company's officer notified the defendant's insurance adjuster of the claim of lien, the adjuster then and there similarly notified the finance company that he would include the finance company in the settlement provided it "would not jeopardize the settlement he was about to make with Clark". The finance company was thereupon likewise by actual notice alerted to the fact that the insurance company was likely to make a separate settlement with the conditional vendee in which event a subsequent action by the finance company against the wrongdoer would be barred. With this notice it was the responsibility of the finance company to take appropriate action to protect its own interest in the premises.
The law can recognize rights and provide remedies but it cannot compel people to assert their rights nor can it give them a remedy grounded upon their own failure to assert such rights when they have ample opportunity to do so. In the instant case the appellant failed to take appropriate action expeditiously to establish its own rights after fair warning that it might be necessary to do so. Having so failed, it lost the remedy that otherwise might have been available. Nothing in this opinion shall be construed as affecting the claim of appellant as against the conditional Vendee Clark.
We, therefore, find that there was no error in the ruling of the trial court and the judgment appealed from is hereby affirmed.
DREW, C.J., TERRELL and O'CONNELL, JJ., concur.
THOMAS, HOBSON and ROBERTS, JJ., dissent.