UNITED STATES OVERSEAS AIR-
LINES, Inc., et al., Plaintiffs-
Appellants,

v.

COMPANIA AEREA VIAJES EXPRES-
OS DE VENEZUELA, S. A., et al.,
Defendants-Respondents.

No. 375, Docket 24417.

United States Court of Appeals
Second Circuit.

Argued June 11, 1957.

Decided Aug. 6, 1957.

———◆———

J. Arthur Leve, New York City (Leon-
ard S. Halpert and Elliot Adrian Wysor,
New York City, on the brief), for plain-
tiffs-appellants.

Eugene H. Nickerson, New York City
(Hale, Stimson, Russell & Nickerson,
Hamilton O. Hale, Henry I. Stimson, and
Lawrence L. Stentzel, II, New York

City, on the brief), for defendants-respondents.

Before CLARK, Chief Judge, and CHASE and HINCKS, Circuit Judges.

PER CURIAM.

This appeal involves the interpretation and validity of a written agreement made by the parties covering air carrier operations. Plaintiffs were nonscheduled carriers and the owners and operators of aircraft, two of which were to be used under the agreement for the purpose of exploiting a franchise held by defendant CAVE from the Venezuelan Government for trans-Atlantic flying. In this action brought in a federal court because of the diverse citizenship of the parties, both litigants claimed breach of the agreement. Judge Palmieri, sitting without a jury, made findings holding defendants entitled to damages because of plaintiffs' breach, but declining to give defendants as large a judgment on their counterclaim as they had sought. Both sides appeal, raising a variety of questions, including fraud, invalidity, and damages. We agree with the judge's disposition of the issues, although we do not adopt all his reasons. Since detailed disposition of these many issues does not seem of wide public interest to others than the immediate litigants, we shall rely on the trial judge's extensive findings and opinion for exposition of the facts and content ourselves with merely indicating the ground upon which we affirm each point raised by the parties in their respective briefs.

 1. *Discussing USOA's Points of Law.* (1) The findings as to lack of fraud and lack of reliance thereon by USOA are not clearly erroneous; (2) the contract was not illegal because it was an agency contract, rather than a "transfer of rights and obligations"; (3) the trial court's limitation on cross-examination was not prejudicial, and the other evidentiary rulings were correct; (4) there was sufficient evidence to support findings that CAVE was not in breach when USOA breached, and CAVE remained ready and willing to perform subsequently—*its only duty* under New York law, DeForest Radio Telephone & Telegraph Co. v. Triangle Radio Supply Co., 243 N.Y. 283, 153 N.E. 75; (5) since the option to purchase plaintiffs' aircraft was not a remedy, it was not the exclusive remedy for breach. Nor was there an election of one remedy or a forfeiture of others on these facts. We agree with the trial judge's construction of the minimum guarantee of $3,000 per week as applicable, whether or not USOA chose to continue flights. There could be anticipatory breach of this contract under New York law because it was one for the payment of money, as well as for the performance of services; and USOA concedes the propriety of finding anticipatory breach of contracts to pay money. The award of damages to defendants, based on this minimum guarantee, plus out-of-pocket expenses and less a small offset for nonperformance by defendants of a collateral agreement, is therefore justified.

 2. *Discussing CAVE's Affirmative Points of Law.* (1) CAVE failed to carry its burden of showing that it was ready and willing to perform its part of the option contract to purchase the aircraft, and consequently it cannot obtain damages for USOA's anticipatory repudiation. 4 Corbin on Contracts §§ 962, 977, 978 (1951). (2) CAVE also failed to meet its burden of proving that USOA's breach was the proximate cause whereby it lost its franchise. The Venezuelan Government explained the loss in terms of nonflying and noncompliance "with the requirements stipulated by the National Technical Board of Aeronautics, in connection with the application of * * * [CAVE] to operate international air transportation services." These requirements were neither explained nor linked to USOA's breach. Consequently the court's refusal to award CAVE damages based on these items was not error.

Affirmed.