OWEN, Judge.
Defendant in an action for conversion of personal property appeals an adverse final judgment following a nonjury trial. Ap-pellee has cross assigned error.
Of the several points raised by appellant and appellee, we find error only in regard to certain matters relating to the determi *170 nation of damages awarded the plaintiff-appellee. Only the facts necessary to these considerations are set forth.
Plaintiff-appellee (Investors) was a builder. It contracted with defendant-appellant (Treasure Cay) to build a number of cottages on the latter’s property on Great Abaco Island in the Bahamas. Approximately 20 such cottages had been completed without incident, and a number of additional units were under construction in various stages of completion. At the same time, appellee also had under construction dwellings for various other individual property owners on the island. Building materials for these jobs, purchased in the states and shipped to Great Abaco, were stored in an area which Investors had leased from Treasure Cay for that purpose. This storage area was enclosed by a chain-link fence with a locked gate and was described by the parties as the “compound”. A house trailer owned by Investors, used as a combination construction office and living quarters for its building supervisor, was parked immediately outside of the compound.
Investors fell behind its completion schedule on the Treasure Cay cottages, causing Treasure Cay to terminate the contract on December 16, 1968, and take over the completion of the work on its own. Within a few days thereafter, all of Investors’ personnel left the island, with no apparent provision having been made for disposition of the building materials or the house trailer. At that time Bahamian custom officials claimed $6,000 due in custom duties on the material within the compound and ordered that the materials not be released until the duties were paid. Immediately, Treasure Cay officials placed their own lock on the compound for the dual purpose of complying with the customs officials’ request and protecting the property until a determination could be made as to the rightful owners.
Investors brought this suit against Treasure Cay and alleged conversion of the building materials in the compound and of the house trailer outside the compound. It also alleged a balance owed it under the construction contract on the last ten cottages. Treasure Cay denied the conversion and counterclaimed for its damages as a result of the cost of completing the unfinished units. At trial, Investors established that at the time Treasure Cay took charge of the building materials in the compound, an inventory of the materials showed a value of between $50,000 and $60,000, of which only about $3,000 was the property of Treasure Cay. By way of mitigation of damages, Treasure Cay sought to introduce evidence to establish that a substantial part of the inventory was owned by the other property owners with whom Investors had construction in progress, and that the materials had been distributed to the respective owners after the Bahamian Custom Duties had been paid. The court sustained objections to this proffered testimony. By final judgment, the court found that Treasure Cay had converted materials in the compound to the value of $50,000.00, and had converted the house trailer to the value of $4,480, entering judgment for the total of these sums plus interest from the date of conversion. The court also found that Investors had failed to prove any other elements of its claim and that Treasure Cay was not entitled to recover on its counterclaim.
In our review of the record, we conclude that the evidence is insufficient to sustain the trial court’s finding that there had been a conversion of the house trailer. Therefore, it was error to award appellee judgment for its value. No allowance for the trailer should be included in the revised judgment which is to be entered.
 We also conclude that the court erred in sustaining objections to the testimony which appellant proffered, in mitigation of damages, tending to establish that certain of the building materials in the compound at the time appellant took pos *171 session were the property of various third persons to whom the materials were later delivered. Of course, the fact that Investors was only a bailee of the building material, rather than the legal owner, would not be an absolute defense to the action, because a bailee may maintain an action for conversion if he has a present or immediate right of possession to the property. Johnson v. Florida Brewing Co., 1925, 90 Fla.148, 105 So. 319 and Allen v. Universal C.I.T. Credit Corporation, Fla.App. 1961, 133 So.2d 442. But the theory behind permitting a bailee to maintain an action for conversion and to recover the entire value of the property converted, is that the amount thus recovered is held in trust by the bailee to be applied according to the respective rights of the bailor and the bailee. Lake City Auto Finance v. Wald-ron, Fla. 1955, 83 So.2d 877; 4 Fla.Jur., Bailments, § 16. It necessarily follows that any evidence reasonably tending to establish that some or all of the converted property has been returned to the bailor (which to that extent would reduce the bailor’s right to participate in the recovery in the action initiated by the bailee), would be relevant to the issue of damages and (if otherwise competent) should be admitted into evidence. Otherwise, a bailee with only an immediate right to possession in the property and obligated to return it to the bailor, could enjoy a windfall equal to the value of the property where one guilty of converting it has subsequently returned the property to the bailor but is precluded from showing such fact. Since the bailee who sues for the value of the converted property makes a recovery both for his interest as well as that of the bailor, the nature and extent of the bailor’s interest in the property and the extent to which such interest may have been diminished by a return of the property, is relevant and material to the issue of damages recoverable by the bailee.
Although we have considered appellant’s other points as well as appellee’s point on cross assignment of error, we conclude that they do not demonstrate error and do not require discussion.
In summary, the judgment which disposes of numerous claims and counterclaims between the parties, is correct in all respects except that the amount to which ap-pellee is entitled needs to be recomputed in accordance with this opinion. Upon remand the court shall afford the parties an opportunity to offer evidence relating to mitigation of damages as discussed herein, and thereafter shall enter judgment for ap-pellee in the sum of $50,000.00 (the value of the materials converted) less such amount as the court shall find appellants have shown in mitigation thereof, together with interest thereon from the date of conversion.
Reversed and remanded.
WALDEN, J., and FRANZA, ARTHUR J., Associate Judge, concur.