**BOTTINEAU PUBLIC SCHOOL DISTRICT NO. 1, Plaintiff-Appellee,**

v.

**Loren ZIMMER, Defendant-Appellant.**

**Civ. No. 9074.**

Supreme Court of North Dakota.

April 30, 1975.

Rehearing Denied June 24, 1975.

Daniel J. Chapman, Bismarck, for defendant-appellant.

A. S. Benson, Benson & Schell, Bottineau, for plaintiff-appellee.

PAULSON, Judge.

This is an appeal from a judgment of the Ward County District Court awarding the plaintiff-appellee, Bottineau Public School District No. 1 [hereinafter "school district"], the sum of $500 in damages for the breach of an employment contract by the defendant-appellant, Loren Zimmer.

The facts of this case are not in dispute and are as follows:

—The school district employed Mr. Zimmer as a teacher commencing with the school year 1966–1967. Mr. Zimmer continued to teach in Bottineau and signed a contract in the spring of 1973 for the 1973–1974 school year. The contract set forth that Mr. Zimmer would teach business education and commerce as well as assist in basketball. The contract also provided that "The Board Policies shall be construed to be a part of this contract".

—On November 30, 1973, Mr. Zimmer wrote to the school board, requesting a release from his contract. The release was denied at the December 1973 meeting of the school board, but was finally granted in January of 1974, subject to the liquidated-damages clause, which is referred to in the teacher's contract as "Board Policies", which clause, in pertinent part, reads as follows:

"Because it is impractical or extremely difficult to fix the actual cost to be incurred at the time of the release request, the parties, hereto, agree that the amount presumed to be the cost of replacement shall be fixed as follows:

| "Time of Release Request | Cost of Replacement |
|---|---|
| "Within the first 3 days after contract due date | $ 180.00 |
| Between 3 days after the contract due date prior to end of present school term | 250.00 |
| Between end of present school term to the termination date of this contract | $ 500.00 |

"Nothing herein stated shall be construed as meaning that the Board must release the teacher upon payment of the above costs.

"The fee may be waived by the Board if the teacher's resignation is due to ill health, military service or a hardship case."

Mr. Zimmer refused to pay the $500 required by the contract. Suit was commenced by the school district against him for that sum and, after a trial, judgment for that amount was awarded to the school district.

Mr. Zimmer raises several issues on appeal, but primarily emphasizes his contention that the liquidated-damages clause contained in his employment contract is rendered void by the application of § 9–08–04, N.D.C.C., which provides:

"*Fixing damages for breach void—Exception.*—Every contract by which the amount of damages to be paid, or other compensation to be made, for a breach of an obligation is determined in anticipation thereof is to that extent void, except that the parties may agree therein upon

an amount presumed to be the damage sustained by a breach in cases where it would be impracticable or extremely difficult to fix the actual damage."

Mr. Zimmer urges that the liquidated-damages clause in this case is void because the damages caused by his breach are not difficult to ascertain.

He further asserts that the clause is being used to insure performance of the contract rather than to pre-determine damages. To support this contention, Mr. Zimmer asserts that the liquidated-damages clause applies to all teachers and that, if the clause was validly used to estimate damages, the amounts so estimated would vary with the individual teachers.

Insofar as Mr. Zimmer contests the validity of the liquidated-damages clause, this case is governed by our decision in Bowbells Public School District No. 14 v. Marcia Walker, 231 N.W.2d 173 (N.D. 1975), a case consolidated for the purpose of oral argument with the instant case. In *Bowbells,* we upheld a liquidated-damages clause which provided for a graduated percentage of the contract amount to be paid to the school district by a teacher who breached an employment contract. The amount of damages agreed upon in the Bowbells case was $252. We do not find the $500 assessed pursuant to the board policy in this case to be unreasonable, especially in light of Mr. Zimmer's status as one of approximately 40 certified teachers in the field of distributive education in the State of North Dakota.

Nor do we find a meaningful distinction in the fact that, unlike in the *Bowbells* case, the liquidated-damages clause in this case was not the product of an agreement negotiated by the faculty and the school district. Mr. Zimmer entered into his contract of his own free will and with full knowledge of the provisions of the contract, which contract incorporated the Board Policies therein. Prior to signing his 1973–1974 contract with the school board, Mr. Zimmer had been a former member of a faculty negotiation team which was authorized by the faculty to review and accept the provisions of teachers' contracts with the school board.

Of the issues presented and argued by Mr. Zimmer, we find but one that is not covered, directly or by necessary implication, in the *Bowbells* case. That is Mr. Zimmer's contention that the school district may not recover the damages stipulated in the contract because it found a replacement for Mr. Zimmer at a lower salary and, thus, suffered no actual damage. We find this contention to be unpersuasive. If accepted, it would emasculate the concept and function of liquidated-damage provisions. When parties make a valid stipulation of damages, they are bound by it, regardless of the amount of actual damages incurred. Dave Gustafson & Co. v. State, 83 S.D. 160, 156 N.W.2d 185 (1968); 22 Am.Jur.2d, Damages § 235, p. 321.

The decision of the district court is affirmed.

ERICKSTAD, C. J., and PEDERSON, VOGEL and SAND, JJ., concur.