RAY FARMERS UNION ELEVATOR
CO., Plaintiff-Appellant,

v.

Harold WEYRAUCH et al.,
Defendants-Appellees.

Civ. No. 9132.

Supreme Court of North Dakota.

Dec. 22, 1975.
Rehearing Denied Feb. 11, 1976.

Pringle & Herigstad, Minot, for plaintiff-appellant; argued by Herbert L. Meschke, Minot.

McGee, Hankla, Backes & Wheeler, Minot, for defendants-appellees; argued by Orlin W. Backes, Minot.

PEDERSON, Judge.

This is an appeal from a summary judgment entered by the district court of Williams County awarding Ray Farmers Union Elevator Company liquidated damages against Weyrauch Bros. upon the default of grain contracts. Although the judgment is in its favor, the elevator company appeals and asserts that a liquidated damage clause is not to be construed as an exclusive remedy under § 41–02–98, NDCC, unless it is so expressly agreed in the contract. The elevator company claims that summary judgment was improper and that it was entitled to a trial on the question of damage. There is no dispute of material facts. We accept the trial court's reasoning but remand the case for correction of a mathematical error in the judgment.

In September 1972 the Weyrauchs entered into three grain contracts calling for delivery of wheat and durum to the elevator company on or before April 30, May 15, and May 15, 1973, respectively. Each of the contracts provided in part that in case of default in delivery of the grain, the Weyrauchs agreed to pay the elevator company "as liquidated damages" the difference between the contract price and the market price at Minneapolis (less freight) at the close of the market on a specified date. In two of the contracts delivery dates and damage computation dates were identical. The third contract had a delivery date fifteen days ahead of the damage computation date. Pursuant to these contracts, deliveries of part of the grain called for were made and accepted periodically from January through July 11, 1973. On July 12 the Weyrauchs notified the elevator company that they would make no further deliveries pursuant to the three contracts, or at least indicated that further deliveries depended upon a judicial determination as to their ability to break the contracts. No further deliveries were made. After a written demand for delivery on November 5, the Weyrauchs refused and tendered payment of liquidated damages in the sum of $18,623.45, computed in accordance with the three contracts on the basis of the grain contracted for but not delivered, using market prices of April 30, May 15, and May 30.

The elevator company sued on the contracts, asking for damages of $137,313.34. In answering, the Weyrauchs demanded a jury trial and admitted that they breached the contracts. After issue was joined and depositions taken, the trial court granted a motion by the Weyrauchs for summary judgment for the elevator company in the amount of the liquidated damages. None of the evidence presented to the trial court indicated that there had been any oral discussion as to whether the liquidated damage clause was or was not intended to be exclusive. No evidence was submitted on the question as to whether time was of the essence—the contracts themselves specifically stated that "time is of the essence." The contracts further specifically provided that delivery of grain to the elevator was required on or before the specified dates "provided space is available to receive and store the same, and if not, as soon thereafter as space is available." The evidence is undisputed that the elevator did not have space available to receive all of the grain at the times scheduled in the contracts. Unlike other cases we have had before us, in this case there is no dispute as to which party breached the contracts.

In its argument on appeal the elevator company asserts that it is entitled to present alternative methods of computing damages, to wit: (1) "cover" damages pursuant to § 41–02–90, NDCC (2–711, UCC), which indicates total damages of $127,276.00; (2) damages based on date of repudiation (July 11, 1973, rather than the April and May dates in the contracts), which indicates total damages of $43,647.00, or damages based on a November 5, 1973, repudiation which indicates total damages of $127,678.89; as well as (3) liquidated damages

pursuant to the contract which indicates total damages of $19,468.46 (not $18,623.45 as computed by the Weyrauchs and by the trial court). We have made no independent damage computation but the Weyrauchs agree that this correction should be made.

■ We will first consider the elevator company's argument that subsection 1b of Section 41–02–98, NDCC (2–719, UCC), applies and, because the contract provision as to liquidated damages was not expressly agreed to be the exclusive remedy, other optional remedies are available. The statutory language upon which the elevator company relies states:

> "b.  resort to a remedy as provided is optional unless the remedy is expressly agreed to be exclusive, in which case it is the sole remedy."

■ The alternatives argued by the elevator company are not alternative remedies within the portent of § 41–02–98, NDCC (2–719, UCC), but are alternative forms of the same remedy—damages.[1] Any other conclusion would negate the purpose of § 41–02–97, NDCC (2–718, UCC).

> "The Code (U.C.C.) does not purport to affect the rules governing the extent of damages recoverable, * * *." 1 Anderson, Uniform Commercial Code, 2d Ed., § 1–106:6, at 51.

We need not consider whether a liquidated damage clause would be the sole remedy in a case where the alternative remedies urged are specific performance [as was the case in *Carolinas Cotton Growers Association, Inc. v. Arnette* (D.C.S.C.1974), 371 F.Supp. 65, and in *Miller Yacht Sales, Inc. v. Scott*, 311 So.2d 762 (Fla.App.1975)], or injunction, rescission, or other judicial remedy.[2]

---

1. The word "remedy" means different things depending upon the context in which it is used. See *United States Overseas Air. v. Compania Aerea, Etc.*, 246 F.2d 951 (2d Cir. 1957), *cert. denied*, 355 U.S. 893, 78 S.Ct. 266, 2 L.Ed.2d 191 (1957), where the court said that an option to purchase is not a remedy. See also, *Bank of Commerce v. Paine, Webber, Jackson & Curtis*, 39 Wis.2d 30, 158 N.W.2d 350 (1968), where summary judgment was called a remedy. Under some circumstances a remedy may be "civil" or "criminal." In other situations civil remedies may be an "action" or a "special proceeding" or may be "at law" or "in equity."

2. The Uniform Commercial Code does not create remedies. Remedies (pre-Code) in

■ When the elevator company urged the trial court, and now this court, to allow it to present alternative methods of computing damages, the concern shifted to § 41–02–97, NDCC (2–718, UCC), relating to limitation of damage, to § 9–08–04, NDCC, relating to the validity of an agreement for liquidated or other limited damages, and to § 41–02–19, NDCC (2–302, UCC), to test its unconscionability.[3] The elevator company challenges the adequacy of liquidated damages, claiming that, in this case, the course of performance of the Weyrauchs, in effect, prevented it from taking steps on the contract performance dates to protect itself from incurring considerably greater losses than contemplated by the contract in providing for liquidated damages on specified dates. It also claims that course of performance constituted a modification of the written contract.

■ Although courts have been receptive to pleas of unconscionability raised by consumers, they have been reluctant to do so in commercial transactions. In any event, § 41–02–19, NDCC (2–302, UCC), assigns the issue of unconscionability exclusively to the court as a matter of law and requires the challenger to show that the clause was unconscionable at the time the contract was made, not just that it was unconscionable by hindsight. See White and Summers, Uniform Commercial Code, § 4–2, at 114–116.

■ This court held recently: "When parties make a valid stipulation of damages, they are bound by it, regardless of the amount of actual damages incurred." *Bottineau Public Sch. Dist. No. 1 v. Zimmer,* 231 N.W.2d 178, 180 (N.D.1975). Even if we were to agree with the elevator company that a liquidated damage clause is a separate *remedy* from other methods of computing damages [as this court may have treated it in *Farmers Union Grain Terminal Ass'n v. Nelson,* 223 N.W.2d 494 (N.D. 1974)], we would necessarily reach the same conclusion, that a liquidated damage clause, without evidence to the contrary, is so inconsistent with any other *damage* remedy as to require a conclusion that it contemplates exclusiveness.[4] In this case there is no evidence on the matter other than the contract itself.

Although the elevator company severely criticizes the conclusion we reached in *Farmers Union Grain Terminal Ass'n v. Nelson, supra,* we see no reason to reverse our decision or refrain from applying it, especially where the contract is one of "adhesion" and the challenger was the drafter of the contract.[5]

■ The elevator company argues that summary judgment is inappropriate in this case because there are genuine issues as to material facts. In *Farmers Elevator Company v. David,* 234 N.W.2d 26 (N.D.1975), we said that summary judgment shall be

North Dakota have been defined in Title 32, NDCC. For an interesting note on questions that arise out of future delivery agricultural contracts during periods of rapidly rising prices see "Remedies—The High Price of Cotton and the Breaching Farmer: Liquidated Damages, Specific Performance and Other Remedies." 53 N.C.L.Rev. 579 (1975). The author, in footnote 16, states that an argument could be made that an injured party can seek alternative methods of computing damages, but he cites no cases and we have found none that have so held.

**3.** "This Code rule (2–719) is expressly made subject to other Code provisions on liquidation and limitation of damages." 67 Am. Jur.2d Sales, Section 533, at 717. "The question of a contractual provision as to a

remedy should be distinguished from the question * * * of contractual provisions merely specifying and limiting the amount of damages." 84 A.L.R.2d, Anno.: Contractual Remedy—Exclusiveness, Sec. 1, at 324.

**4.** See *Air Products & Chem., Inc. v. Fairbanks Morse, Inc.,* 58 Wis.2d 193, 206 N.W.2d 414, 420 (1973), and *Dow Corning Corporation v. Capitol Aviation, Inc.,* 411 F.2d 622, 626 (7th Cir. 1969).

**5.** See also, *Council Brothers, Inc. v. Ray Burner Company,* 473 F.2d 400 (5th Cir. 1973), which involved a clause which "purports to limit the measure of *damages* " and where the court said, "we find it difficult to visualize a clearer way to express an exclusive limitation on the measure of damages."

granted only if, after taking the view of the evidence most favorable to the party against whom the summary judgment is sought, it appears that there are no genuine issues as to any material fact and that the party seeking the summary judgment is entitled to it as a matter of law.

As we understand the elevator company argument, the only factual question raised is that of whether the written contract was modified with respect to the measure of damages. The trial court found that there was no evidence on modification presented. Our search of the record discloses that, at best, the elevator company produced evidence that the written contracts were not modified by the course of performance, but that course of performance (deliveries after the contract delivery dates because of lack of space) was specifically pursuant to a contract provision. The affidavits, depositions, and briefs all are devoid of indications that the written contracts were modified by written agreement or by executed oral agreement.

■ We said in *Cargill, Inc. v. Kavanaugh*, 228 N.W.2d 133 (N.D.1975), that § 9–09–06, NDCC, governs modifications of written contracts. That statute contemplates that a contract in writing may be altered by a contract in writing or by an executed oral agreement but "not otherwise." Course of performance which does not conflict in some respect with performance required by the contract does not indicate either modification or waiver.

■ Viewing the evidence that was presented to the trial court in the light most favorable to the elevator company, we find that there is no genuine issue as to any material fact or as to any inferences reasonably deducible therefrom. The Weyrauchs sought the summary judgment in favor of the elevator company and, although the elevator company resisted, summary judgment was appropriate as a matter of law. We are not required to speculate that, upon a trial, factual disputes may develop. No question was raised as to the propriety under Rule 56, N.D.R.Civ.P., to move for summary judgment for the opposition.

The elevator company was entitled to judgment as a matter of law, based upon liquidated damages computed on dates clearly specified in the unmodified written contracts. The challenge of unconscionability raised only a question of law and related to events (course of performance) occurring after the contracts were entered into. There was no error. The judgment is ordered modified and, to accomplish that modification, the case is remanded for correction of the mathematical error.

ERICKSTAD, C. J., and PAULSON and SAND, JJ., concur.

VOGEL, Justice (dissenting).

I believe syllabus paragraphs 2 and 3 are erroneous; syllabus paragraph 1 is a correct statement but is disregarded by the majority; and paragraphs 4, 5, 6, and 7 are correct statements in the abstract but are misapplied by the majority.

1. "Damages" is not a single remedy, to be contrasted with specific performance or injunction, but is a cluster of remedies. See Section 41–01–11(34), N.D.C.C. [UCC § 1–201(34)], defining "remedy" as used in the Uniform Commercial Code as "any remedial right to which an aggrieved party is entitled with or without resort to a tribunal," and Sections 41–02–87 to 41–02–100 [UCC §§ 2–708 to 2–721], specifying about a dozen different remedies, including many different kinds of damages as well as specific performance and injunction.

2. The majority opinion, while quoting Section 41–02–98(1–b), N.D.C.C. [UCC 2–719(1–b)], which states that a remedy for breach is the sole remedy only if it "is expressly agreed to be exclusive," stands the statute on its head by holding that a provision for liquidated damages is exclusive in spite of the language of the statute.

3. The majority opinion in this respect is especially pernicious when viewed together with *Tower City Grain Co. v. Richman*, 232

N.W.2d 61 (N.D.1975), which held that there must be very special circumstances to justify specific performance of a contract involving fungibles. The present case takes away all other remedies in cases where there is a liquidated-damage clause, and does it as a matter of law precluding a hearing, so the combined effect of the two decisions is to make a liquidated-damage clause the exclusive remedy in almost all cases involving fungibles even though the statute, Section 41–02–98(1–b), N.D.C.C. [UCC § 2–719(1–b)], says just the opposite.

4. In paragraph No. 4 of the syllabus the majority says that the question of unconscionability is for the court as a matter of law. This is correct, but the majority fails to mention that unconscionability, once raised, must be determined after a hearing on the question. Such a hearing is compulsory. See cases collected at Section 2–302:21 of Anderson, Uniform Commercial Code. No hearing was held here.

5. In paragraph 2 of the syllabus the court holds that the Uniform Commercial Code does not purport to affect the rules governing the extent of damages recoverable. This is a statement extracted from Anderson, *op. cit.,* which cites no authority for it. In any case, the "extent of damages" obviously refers to the amount of damages, not the right to collect damages of any specific kind. It therefore is irrelevant to the present case.

6. In the case before us, the appellee elevator company resisted the motion for summary judgment on the ground that subsequent dealings after the agreed delivery date modified the contract. The dealings consisted of partial deliveries extending over many months. Whether this course of dealing constitutes a waiver under Section 41–02–16, N.D.C.C. [UCC § 2–209] is a question of fact for the jury. The Uniform Commercial Code provides, in Section 41–02–15, N.D.C.C. [UCC § 2–208], that "any course of performance accepted or acquiesced in without objection shall be relevant to determine the meaning of the agreement." I do not understand the proc-

ess under which the majority can conclude, as a matter of law, that the course of performance does not conflict in some respect with performance required by the contract and therefore does not indicate either modification or waiver. There may be cases so clear as to make a hearing on the question unnecessary, but in my view this is not such a case.

In *Farmers Union Grain Terminal Assn. v. Nelson,* 223 N.W.2d 494 (N.D.1974), and *Cargill, Inc. v. Kavanaugh,* 228 N.W.2d 133 (N.D.1975), where we held that a liquidated-damage remedy was exclusive, we did so only after a full-scale trial had been held and all the facts were before us.

### CONCLUSION

I agree with the majority in declining to overrule *Farmers Union Grain Terminal Assn. v. Nelson, supra.* For reasons stated above, I dissent from the remainder of the opinion.