**BUCKLEY TOWERS CONDOMINIUM, Inc., et al v.
HERBERT BUCHWALD, Trustee, et al.**
No. 77-21341.
Circuit Court, Dade County.
August 11, 1978.

Joseph F. Paglino, North Miami Beach, for the plaintiff.

Darrey A. Davis of Steel, Hector & Davis, Miami, for the defendants.

THOMAS E. LEE, Circuit Judge.

*Summary judgment for defendants:* This cause came on to be heard upon motion for summary judgment in favor of defendants on the claims alleged in the complaint, and plaintiff's response thereto.

The subject matter involved is the Buckley Towers Community Facility Lease (recreation lease) made on December 17, 1968, by and between the defendant, Herbert Buchwald, Trustee, as lessor, and the plaintiff, Buckley Towers Condominium, Inc., as lessee. The subject lease was incorporated as part of the declaration of condominium recorded December 18, 1968, in official records book 6210, at page 329 of the public records of Dade County. The lease also was separately recorded in official records book 6210, at page 443.

On July 21, 1977, more than eight years after the execution and recordation of the subject lease, this action was commenced by the lessee condominium association on behalf of itself and on behalf of its membership, the condominium unit owners. Plaintiff challenges the legality of the lease claiming it was unconscionable, and that the lease was made pursuant to a fraudulent scheme of self dealing and unjust enrichment. In the nature of relief, plaintiff demands a declaratory judgment declaring the lease unconscionable, illegal and unenforceable; rescission, modification or cancellation of the rent prescribed by the lease; restitution of all moneys paid under the terms of the lease and an equitable lien against the leased property for said moneys; temporary and permanent injunction against enforcement of the terms of the lease; and attorney's fees.

Motion to dismiss the complain was denied. The defendants served with summons filed an answer, affirmative defenses and counterclaim, to which plaintiff filed responses. The action is now before the court upon motion for summary judgment and response thereto.

The record shows and the court finds there is no genuine issue as to any material fact and that defendants are entitled to judgment as a matter of law on the claims alleged in the complaint.

The matters asserted as the basis for the claims alleged in the complaint transpired at the time of the execution of the lease on December 17, 1968, and are embodied in the terms of the lease. The alleged causes of action accrued at the time of the execution and recordation of the lease. The plaintiff unit owners have controlled the condominium association and elected the controlling majority of the board of directors of the association continuously since April 8, 1971.

On April 8, 1971, the lessee condominium association and its membership, the unit owners, entered into a court approved settlement agreement with the lessor for the purpose of resolving all matters of controversy involving the Buckley Towers Condominium and terminating pending consolidated litigation. By the terms of the settlement agreement: (a) the lessee condominium association and its membership, the unit owners, ratified, confirmed and approved the Buckley Towers Community Facility Lease, and guaranteed payment of the rents prescribed by the lease by collateral assignment and special bank deposits; (b) the lessee condominium association released the defendant lessor, the developer, and the original officers and directors of the association from all actions, causes and rights of action, claims and demands, and the lessee association indemnified and agreed to save the lessor harmless from all claims and demands of all members of the association (unit owners), past, present and future, as to all matters occurring prior to the date of the settlement agreement (April 8, 1971); and (c) the control of the condominium association was vested with the unit owners who were granted the immediate right and power to select directors of their choice to manage the affairs of the association. The unit owners have exercised control of the condominium association continuously since April 8, 1971.

The parties recognized the validity and binding effect of the court approved settlement agreement, and fully performed all the terms from April 8, 1971, until November 19, 1974, when the lessee condominium association refused to further perform the terms thereof, and questioned the legality of the Buckley Towers Community Facility Lease. Pursuant to enforcement proceedings by the lessor, another division of this court on February 6, 1975, ordered and adjudged in pertinent part —

1.  The settlement agreement made and entered into on April 8, 1971, . . . is valid and in full force and effect and binding in all respects on the parties executing the settlement agreement.

2.  All parties, including plaintiff condominium association, Buckley Towers Condominium, Inc., and the condominium apartment unit owners and members of said condominium association, as class plaintiffs, are required to comply with, perform, abide by, and live up to the terms and conditions of said settlement agreement, *including the Community Facility Lease made a part of the settlement agreement.* (Emphasis supplied.)

                    *       *       *

6.  This court retains jurisdiction of the subject matter and the parties for the purpose of enforcing the terms and conditions of the said settlement agreement and the provisions of this order.

On appeal by the lessee condominium association, the order enforcing the settlement agreement was approved and affirmed by the decision in *Buckley Towers Condominium, Inc. v. Buchwald,* 321 So.2d 628 (Fla. 3rd DCA 1975), appeal dismissed, 330 So.2d 15 (Fla. 1976). The trial court's subsequent enforcement of its order by sequestration proceedings was affirmed on appeal in *Buckley Towers Condominium, Inc. v. Buchwald,* 340 So.2d 1206 (Fla. 3rd DCA 1977), cert. denied, 348 So.2d 945 (Fla. 1977).

Another division of this court presently is exercising jurisdiction by compelling the lessee condominium association to comply with, perform, abide by, and live up to the terms and conditions of the Buckley Towers Community Facility Lease in accordance with the mandate of the court in *Buckley Towers Condominium, Inc. v. Buchwald,* supra, as evidenced by the contempt order rendered June 22, 1978, in said cause, which order is made a part of the record herein.

The undisputed facts demonstrate beyond any doubt that defendants are entitled to judgment as a matter of law on the claims alleged in the complaint in this action.

In *Fleeman v. Case* 342 So.2d 815 (Fla. 1976), the Supreme Court held that the statute prohibiting rental escalation clauses in leases for recreational facilities or management contracts for condominiums may not be applied retroactively to such contracts whose effective date predated the effective date of the statute. By way of *dictum* the court stated — "Thus, although there is reference to the possibility that in some instances lease arrangements for individual unit owners may be unconscionable, inequitable or contain other deficiencies recognized in law as a basis for judicial invalidation, these matters are not considered or decided here."

By way of a footnote following the above *dictum*, reference was made by the court to §672.302, Fla. Stat., a provision of the Uniform Commercial Code, which in part provides —

*672.302  Unconscionable contract or clause*

(1)  If the court as a matter of law finds the contract or any clause of the contract to have been unconscionable *at the time it was made* the court may refuse to enforce the contract, or it may enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result.  (Emphasis supplied.)

Following the decision in *Fleeman v. Case,* supra, the Supreme Court, in another condominium case, *Avila South Condominium Association, Inc. v. Kappa Corporation,* 347 So.2d 599 (Fla. 1977), made the following reference to unconscionability — "In affirming the dismissal of the count alleging violations of Section 711.66-(5)(e), we do not preclude the plaintiffs on remand the possibility of stating an amended claim of unconscionability, independent of Section 711.66(5)(e)."

Finally, in *Point East One Condominium Corporation, Inc. v. Point East Developers, Inc.,* 348 So.2d 32, 36 (Fla. 3rd DCA 1977), the Third District Court of Appeal stated —

The courts of this state have long reserved the right to refuse to enforce unconscionable contracts.  See the general rule in Peacock Hotel v. Shipman, 103 Fla. 633, 138 So. 44 (1931), for the proposition where

"... one party has overreached the other and has gained an unjust and undeserved advantage which it would be inequitable to permit him to enforce, ... a court of equity will not hesitate to interfere, even though the victimized parties owe their predicament largely to their own stupidity and carelessness."

\*    \*    \*

See also Halstead v. Florence Citrus Growers' Ass'n, 104 Fla. 21, 139 So. 132 (1932).  Cf. Stewart v. Stearns & Culver Lumber Co., 56 Fla. 570, 48 So. 19 (1908)....

The decision in *Fleeman v. Case,* supra, indicates that the provisions of §672.302, Fla. Stat., are to be utilized as a guide to the courts because the code provisions simply codify the common law equity rule that a court of equity will not lend its aid to the enforcement of an unconscionable contract.  It appears that the provisions of §672.302 are applicable by analogy to condominium recreation leases, since the code does not purport to include real property.

However, it is well settled that the issue of unconscionability must be determined as of the time the contract was made.  A cause

of action based on unconscionability accrues at the time of making the contract because that is when the invasion of the claimant's legal right occurred.

As to the issue of unconscionability, the challenger is required as a matter of law to show that the contract was unconscionable at the time the contract was made, not just that it was unconscionable by hindsight. *Ray Farmers Union Elevator Co. v. Weyrauch,* 238 N.W. 2nd 47, 50. The party asserting unconscionability must demonstrate that the contract in question was unconscionable at the time it was made. *W. L. May Co., Inc. v. Philo-Ford Corporation,* 543 P. 2d 283, 286. The primary concern must be with the terms of the contract considered in the light of the circumstances existing when the contract was made. *Williams v. Walker-Thomas Furniture Company,* 350 F. 2d 445, 450 (D. C. Cir. 1965). In assessing whether a particular contract or provision is unconscionable, the courts should review the totality of the circumstances surrounding the negotiation and execution of the contract. *Gelderman and Company, Inc. v. Lane Processing, Inc.,* 527 F. 2d 571, 575 (8th Cir. 1975).

The plaintiff lessee sues on the lease claiming it was unconscionable and made pursuant to a fraudulent scheme involving self dealing and unjust enrichment. The matters complained of admittedly were fully accomplished and an invasion of plaintiff's legal rights occurred upon the execution of the subject lease on December 17, 1968. Since this action was not commenced until July 21, 1977, more than eight years after the alleged causes of action accrued, the claims asserted in the complaint are time barred by the applicable limitations statute.

This action is governed by the Florida Limitations Statute, Chap. 95, Fla. Stat. Section 95.011, Fla. Stat., provides that a civil action shall be barred unless begun within the time prescribed in Chap. 95. Section 95.11(2)(b), Fla. Stat., requires that a legal or equitable action on a contract, obligation, or liability founded on a written instrument shall be commenced within five years. Section 95.11(3), Fla. Stat., requires that an action founded on statutory liability, a legal or equitable action founded on fraud, an action to rescind a contract, and any action not specifically provided for in the limitations statutes, shall be commenced within four years. Section 95.031, Fla. Stat., provides that the time within which an action shall be begun under any statute of limitations runs from the time the cause of action accrues. In respect to the time when a cause of action accrues, the decision in *Buck v. Mouradian,* 100 So. 2d 70, 71 (Fla. 3rd DCA 1968), cert. denied, 104 So. 2d 592 (Fla. 1968), states — "The general rule is to the effect that when there has been notice of the invasion of a legal right or a

person has been put on notice of his right to a cause of action, the statute of limitations begins to run. . . ."

The plaintiff contends that because this is an action of an equitable nature, it is governed by laches and the statute of limitations is not applicable. This contention is answered by §95.11(6), Fla. Stat., which in pertinent part provides —

> (6) LACHES. — Laches shall bar any action unless it is commenced within the time provided for legal actions concerning the same subject matter . . . This subsection shall not affect application of laches at an earlier time in accordance with law.

Assuming, without deciding, the retroactive applicability of §718.124, Fla. Stat., created by Chap. 77-222, Laws of Florida, effective October 1, 1977,[1] the court approved settlement agreement of the parties shows that the unit owners on April 8, 1971 proceeded to elect the members of the board of administration (board of directors) of the plaintiff condominium association. Under the provisions of §718.124, that amendatory statute of limitations began to run on April 8, 1971. Because this action was not commenced until July 21, 1977, more than six years thereafter the controlling limitations period had already run — even before the effective date of the amendatory statute. Thus, this action is time barred pursuant to the provisions of either statute of limitations.

Plaintiff contends that the statute of limitations is not applicable to this action, and the limitations time has not run, because a claim of unconscionability as to condominium recreation leases was not available prior to the 1977 decision in *Avila South Condominium Association, Inc. v. Kappa Corporation,* supra. Plaintiff argues that the Florida courts did not recognize a cause of action for "unjust enrichment, cancellation of [sic] recission [sic], unconscionability, etc. until recently," and therefore plaintiff could not bring this action within the limitations period because no such causes of action existed. If a cause of action did not exist at the time the lease was made on December 17, 1968, it is doubtful that a new cause of action could be created to operate retroactively without infringing upon constitutional inhibitions. Plaintiff's position is untenable in view of the decision in *Point East One Condominium Corporation, Inc. v. Point East Developers, Inc.,* supra, that — "The courts of this state have long reserved the right to refuse to enforce unconscionable contracts . . ."

---

**1.** 718.124. *Limitation on actions by association.* — The statute of limitations for any actions of law [or] equity which a condominium association or a cooperative association may have shall not begin to run until the unit owners have elected a majority of the members of the board of administration.

As stated by the Supreme Court in *Lake City Auto Finance Co. v. Waldron,* 83 So. 2d 877, 879 (Fla. 1956) — "The law can recognize remedies but it cannot compel people to assert their rights nor can it give them a remedy grounded upon their own failure to assert such rights when they have ample opportunity to do so. . . ."

Plaintiff contends that because the court denied defendants' motion to dismiss which included the ground that the action was time barred by the limitations statute, defendants are foreclosed from raising the limitation issue by motion for summary judgment. In *Dawson v. Blue Cross Association,* 293 So. 2d 90 (Fla. 1st DCA 194), the court stated — "A motion to dismiss may not act as a substitute for a motion for summary judgment, and a court may not properly go beyond four corners of allegations of complaint when considering motion to dismiss it."

The Buckley Towers Community Facility Lease, which plaintiff now claims to be unconscionable and fraudulent, was executed on December 17, 1968. Thereafter, on April 8, 1971, the lessee condominium association and its membership the unit owners, as class plaintiffs, entered into a court approved settlement agreement ratifying, confirming and approving the subject lease and guaranteeing payment of the rents prescribed therein by collateral assignment and special bank deposits. The plaintiff and the unit owners also released the defendant lessor, the developer, and the original officers and directors of the plaintiff association (defendants herein) from all causes of action, claims and demands.

A general release which is not restricted by its terms to particular claims or demands will ordinarily be regarded as embracing all claims or demands which had matured at the time of its execution. *Sottile v. Gaines Construction Company,* 281 So. 2d 558, 561 (Fla. 3rd DCA 1973).

Ratification indicates an intention, with full knowledge of one's rights, to affirm and take the benefits of a contract and an intention to waive a right to disaffirm it and demand consequent redress. *Toffel v. Baugher,* 111 So. 2d 290 (Fla. 2d DCA 1959).

The legal effect of a settlement agreement on antecedent claims or rights of action is stated in 15A Am. Jur. 2d, *Compromise and Settlement,* Sec. 24, page 796, as follows —

A valid compromise and settlement operates as a merger of, and bars all right to recover on, the antecedent claim or right of action included therein. The compromise agreement is substituted for the antecedent claim or right, and the rights and liabilities of the parties are measured and limited by the terms of the agreement. The antecedent claim is extinguished, and subsequent litigation based upon it is barred by the

compromise and settlement. If more than one remedy or theory of liability is initially available for the antecedent claim, and if one remedy or theory is pursued and results in a compromise and settlement, there is a binding election of remedies, and a subsequent action designed to obtain relief for the same claim is barred, even if it is based upon a different theory. . . .

The prevailing rule is that parties to a controversy may not go behind a compromise settlement, and it is final even though the parties may have been ignorant at the time of the settlement of the full extent of their rights. *Bohlman v. Big River Oil Company,* 124 N.W. 2d 835, 837, A compromise and settlement operates as a merger and is substituted for the pre-existing claim or right, and the rights and liabilities of the parties are measured and limited by the terms of the agreement. *Production Credit Association v. Geving,* 218 N. W. 2d 185, 194. A valid compromise and settlement is final, conclusive, and binding upon the parties; it is as binding as any contract the parties could make, and as binding as if its terms were embodied in a judgment; and, regardless of what the actual merits of the antecedent claim may have been, they will not afterward be inquired into and examined. *Wenneker v. Frager,* 448 S.W. 2d 932, 935. The Supreme Court of Florida in *National Surety Co. v. Willys-Overland, Inc.,* 138 So. 24, 26, stated — "It is also well settled that the parties and those who claim under them with notice cannot go behind a compromise made in good faith as a settlement of prior disputes . . ."

And in *Protective Closures Co. v. Clover Industries, Inc.,* 394 F. 2d 809, 813 (2nd Cir. 1968), the court stated — "Compromise and settlement agreements are sometimes referred to as 'superseding agreement.' (Citation omitted) By this it is meant that the valid compromise agreement is substituted for the antecedent claim or right and the rights and liabilities of the parties are now measured by the terms of the agreement. . . ."

The decision in *Buckley Towers Condominium, Inc. v. Buchwald,* supra, declared the settlement agreement valid and binding on the parties, and required the plaintiff lessee and its membership, the unit owners, to comply with, perform, abide by and live up to the terms and conditions of the settlement agreement, including the Community Facility Lease made a part of the settlement agreement. Under the doctrine of estoppel by judgment or collateral estoppel, as applied by the Supreme Court of Florida in the recent case, *Eastern Shores Sales Co. v. City of North Miami Beach,* — So. 2d — (Fla. 1978), Case No. 51, 127, opinion filed June 1, 1978, the defendants are entitled as a matter of law to a summary judgment on the claims alleged in the complaint in this action.

In the absence of any genuine issue as to any material issue of fact, and upon the undisputed matters reflected in the record, the defendants are entitled as a matter of law to a summary judgment dismissing the complaint with prejudice, for the reasons and on the grounds set out hereinabove. The court so finding, and being duly advised in the premises, it is ordered and adjudged as follows—

1. The motion for summary judgment in favor of the defendants, and against the plaintiff, on the claims alleged in the complaint in this action be and it is hereby granted.

2. The complaint in this action is dismissed, with prejudice.

3. The plaintiff, Buckley Towers Condominium, Inc., and its membership, the unit owners, take nothing by this action and that the defendants go hence without day, as to the claims alleged in the complaint.