MICKLE, Judge.
Millender and Sons Seafood, Inc. (Millen-der) appeals from a final order dismissing its complaint against Brown Marine Service, Inc. (Brown). We reverse and remand.
In January 1990, Edward and Mary Branch executed a promissory note in the *194 amount of $60,000.00 in favor of Millender. This note was secured by a mortgage upon a vessel, The Northeaster, owned by the Branches. In December 1991, a vessel operated by Bobby Dickerson and owned by Brown collided with The Northeaster. As a result, on May 28, 1992, Branch filed a complaint against Brown and Dickerson claiming damages in excess of $125,000.00 for the destruction of The Northeaster. On March 22, 1993, Millender filed a notice of claim of lien in that action, requesting that no settlement be completed or approved until Millen-der was adequately protected and compensated. On March 26, 1993, Millender filed a motion requesting leave to intervene in that action, claiming an equitable lien, requesting an accounting, and requesting an injunction restraining Branch from disposing of the settlement amount leaving Millender with no remedy and no security for the debt owed. The motion to intervene was scheduled for hearing on April 21, 1993. On April 20, counsel for Branch notified counsel for Mil-lender that he could not attend the hearing. One day later, on April 22, Branch and Brown entered into a written settlement agreement in the amount of $60,000.00. The agreement contained a clause whereby Branch agreed to hold harmless and indemnify Brown against any claim of lien sought by Millender.
On October 25, 1993, Millender filed the instant eight-count complaint against the Branches, Dickerson and Brown.[1] Millender alleged that the Branches were in default on the note and that the collision had resulted in the loss of collateral thereon. Counts III and IV were the only claims against Brown and set forth actions for destruction of collateral and negligent settlement. Specifically, Millender alleged that a motion to intervene had been filed in the action between the Branches and Brown for the purpose of asserting a lien against the proceeds obtained by the Branches in that case, that the Branches and Brown at all times had knowledge of the debt owed Millender and had a duty to include him in all settlement negotiations, and that the Branches had settled with Brown in the amount of $60,000, failing to include Millender’s interests in the negotiations.
Brown filed a motion to dismiss the allegations against him on the basis that Farris Millender had testified in a deposition taken February 25, 1993, that he was aware of the ongoing settlement negotiations in the earlier filed case, that he took no action to declare the Branches in default on the note, that there was an oral agreement between him and Branch that he would share in the proceeds obtained from the settlement, and, therefore, that Millender had chosen not to interfere with the settlement negotiations. Brown alleged further that although Millen-der had filed a motion to intervene in the earlier action, this motion did not ask the court to interfere with or set aside the settlement agreement.
On June 15,1994, the trial court entered a final judgment dismissing with prejudice the allegations against Brown. As grounds, the court found: (1) that although Millender filed a motion to intervene in the earlier action, the motion was never called up prior to the settlement agreement, (2) that the deposition of Farris Millender clearly shows he was aware of the suit and pending settlement and that he had discussed with Mr. Branch the possibility of collecting an amount on the note after the settlement, and (3) that Millen-der did not want to do anything that would interfere in the settlement negotiations. Based on the foregoing, the judge concluded that Millender had voluntarily waived any claim on the vessel or the settlement proceeds. Cited as authority was Lake City Auto Finance Co. v. Waldron, 83 So.2d 877 (Fla.1955).
In Lake City, Lake City Finance Company (Lake City) held a retain-title note against an automobile sold to Fred Clark. While being driven by Clark, the automobile was damaged in a collision with L. J. Waldron’s truck. Lake City notified Waldron and the local agent of Waldron’s public liability insurance carrier that Lake City held a lien against the damaged automobile in the amount of $310. Lake City also notified the insurance adjusters who were handling the settlement of the claim against Waldron that they held the *195 retain-title claim. The insurance adjuster advised Lake City that he would place its name on the check he was going to issue to Clark in the settlement of the claim, provided that his doing so would not jeopardize the settlement that he was about to make with Clark. Thereafter, the insurance company settled with Clark only and took a complete release from him. Lake City then filed a lawsuit against Waldron, who defended on the ground that a complete settlement had been made with Clark and that Lake City, therefore, had no further right of action against him. Summary judgment was entered in favor of Waldron. Id.
On appeal, the supreme court affirmed. The court reasoned that when Lake City notified the insurance adjuster of the claim of lien, and the adjuster similarly notified Lake City that he would include its name in the settlement, Lake City was alerted to the fact that the insurance company was “likely to make a separate settlement with the conditional vendee in which event a subsequent action by the finance company against the wrongdoer would be barred. With this notice it was the responsibility of the finance company to take appropriate action to protect its own interests in the premises.” Id. at 879.
Such is not the scenario in the case at bar. Herein, Millender filed a claim of lien as well as a motion to intervene in the lawsuit between the Branches and Brown. The motion to intervene was scheduled to be heard on April 21, 1993. Because opposing counsel could not attend, the hearing was canceled. Then, one day later, a settlement was reached between the Branches and Brown. Under these circumstances, we conclude that a dismissal of Millender’s complaint against Brown was premature. Despite any statements made by Millender in his deposition, he took affirmative action to establish his claim of rights in the action between the Branches and Brown. We do not think the record supports a finding of waiver such as to result in the dismissal at this juncture of Millender’s complaint against Brown. Accordingly, we reverse the final judgment of dismissal and remand for further proceedings.
REVERSED and REMANDED.
WEBSTER and BENTON, JJ., concur.

. The Branches and Bobby Dickerson are not parties to this appeal.